Mickey **H. WEISS**

v.

Olin G. **BLACKWELL.**

No. 13367.

United States District Court,
N. D. Georgia,
Atlanta Division.

Dec. 30, 1969.

Mickey H. Weiss, pro se.

Charles L. Goodson, U. S. Atty., Atlanta, Ga., for defendant.

ORDER

ALBERT J. HENDERSON, Jr., District Judge.

Petitioner, incarcerated in the Atlanta Federal Penitentiary, seeks to file in forma pauperis a civil action in the nature of mandamus, under 28 U.S.C. § 1361, in which he attacks the restrictions on his prison record flowing from a detainer imposed on that record from the Criminal Court of Record, Dade County, Florida, Case No. 68–6172–A, on January 15, 1969. Let the petition be so filed.

Petitioner alleged that, on February 5, 1969, he forwarded to the Clerk of the Criminal Court of Record for Dade County, Florida, a "Motion for Speedy and Public Trial". Petitioner attached to his complaint a photocopy of a letter, purporting to be addressed to him from Mr. J. F. McCracken, Clerk of the Criminal Court of Record of Dade County, Florida, and signed by Frances Kendall, Deputy Clerk. The letter states:

> Your Motion for Speedy Trial was received and filed on February 13, 1969. The February term of this court began on February 11, 1969.

On April 30, 1969, this court promulgated its "Procedures in Detainer Cases" (hereinafter procedures), pursuant to the opinion of Judge Newell Edenfield in Lawrence v. Blackwell, 298 F.Supp. 708 (N.D.Ga.1969). (The procedures are an appendix to this order.) In Lawrence, Judge Edenfield had recognized that Smith v. Hooey, 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed.2d 607 (1969) which had established the duty of a state to make a "diligent, good-faith effort" to bring a federal prisoner to speedy trial

in the state court, had not authorized a federal district court either to dismiss a state indictment for failure to give a petitioner a speedy trial or to hold an independent hearing on the possible prejudice arising from delays in trial.

These procedures stated, in pertinent part:

> After making a demand on the state, a prisoner must wait a reasonable time for the state to act—at least 180 days or such lesser time as a state by law may provide for speedy trials—before he can petition this Court to release the restrictions flowing from the state detainers.

> After this above-mentioned time has passed with no state action toward securing a speedy trial, the prisoner may petition this Court to remove the prison restrictions imposed solely as a result of the detainers. If possible, the prisoner should enclose with his petition some proof of his demand on the states for speedy trial and a showing that the above specified reasonable time for the states to act has passed; proof could be a dated copy of his letter to the state, or a dated certified mail slip showing receipt of the prisoner's demand by the state.

Therefore, the procedures indicated that the court's consideration in detainer cases would be limited to the "restrictions imposed at the federal prison under the state detainer, not the underlying state criminal charges".

■ Considering petitioner's action in the light of these procedures, it is evident that petitioner has made a proper demand for speedy trial to appropriate state authorities. Moreover, he has filed proof of that demand, in that he has furnished the court with a copy of a letter of receipt from the Clerk of the appropriate court. In addition, some eight months have passed with no apparent action by the state to secure the person of petitioner for trial. Manifestly, as stated in Lawrence v. Blackwell, *supra,* this court has no jurisdiction to consider the validity of the state indictments, or the prejudice arising there-

from, in connection with the delay of trial. However, as stated in the above quoted procedures, this court can consider the restrictions imposed at the federal prison under the state detainer, and it is on these restrictions that the court's attention focuses.

■ Accordingly, in the absence of a specific trial date (or term of court) from the State of Florida, by letter to this court, with copy to Warden Blackwell, within twenty (20) days from the date of this order, the court hereby orders dismissed all of the restrictions against petitioner flowing from the subject detainer, and also orders that all evidence of the detainer be physically expunged from petitioner's record.

If *no specific information is furnished* by the State of Florida within the time prescribed, Warden Blackwell may obtain a certificate to that effect from the court to post in petitioner's record. The clerk of this court hereby is ordered to address a copy of this order to the detaining official of the State of Florida: Sgt. Paul Rosenthal, Warrant Section, Metropolitan Dade County, 1320 N.W. 14th Street, Miami, Florida, 33125.

## APPENDIX

### PROCEDURES IN DETAINER CASES

■ Due to the interest in this Court's decision in Lawrence v. Blackwell, March 31, 1969, N.D.Ga., 298 F. Supp. 708, it is wise to set out certain guidelines which the Court will follow in future cases of federal prisoners in the Atlanta penitentiary with state detainers.

1. Federal prisoners have a right to a speedy trial on state charges.

2. Prison authorities at the United States Penitentiary in Atlanta should promptly inform prisoners of the existence of state detainers lodged against them pursuant to state charges.

3. A prisoner *must* make a *demand for speedy trial* to appropriate *state* authorities *before* he may come into this Court for relief

and, where possible, should give prison authorities a copy of his demand to keep with their files.

4. *After* making a *demand* on the state, a prisoner must *wait a reasonable time* for the state to act— at least 180 days or such lesser time as a state by law may provide for speedy trial—before he can petition this Court to release the restrictions flowing from the state detainers. Those prisoners who have already made demands on their state for speedy trial prior to January 20, 1969, must wait a reasonable time from January 20, 1969, for their states to act—at least 180 days or such lesser time as a state by law may provide for speedy trial—before they may petition this Court to release the detainer restrictions at the prison.

5. *After* this above-mentioned *time* has *passed* with no state action toward securing a speedy trial, the prisoner may *petition this Court* to remove the prison restrictions imposed solely as a result of the detainers. If possible, the prisoner should *enclose* with his petition some *proof of his demand* on the states for speedy trial and a *showing* that the above-specified *reasonable time* for the states to act has *passed;* proof could be a dated copy of his letter to the state or a dated certified mail slip showing receipt of the prisoner's demand by the state.

6. At the hearing this Court will decide if the state has made a diligent, good-faith effort to bring the petitioner to trial. Prison officials should *not* be called upon by the prisoners to make a determination of the reasonableness of a state's delay. The *hearing* will *only consider* the *restrictions* imposed *at the federal prison under the state detainer, not* the underlying *state criminal charges.* (As to these charges, the prisoner must pursue his remedies in state court to secure a speedy trial or to reverse any conviction tainted by the passage of an unreasonable delay in trial, before the prisoner may go into a federal district court in *that* state to seek relief.)

7. The Court will *strictly abide* by these *guidelines.*

This *30th* day of April, 1969.

*Sidney O. Smith*

SIDNEY O. SMITH, JR.
Chief Judge
United States District Court
Northern District of Georgia

*Newell Edenfield*

NEWELL EDENFIELD
United States District Judge

*Albert J. Henderson Jr.*

ALBERT J. HENDERSON, JR.
United States District Judge