Miguel CORONADO, Jr.,
Petitioner-Appellant,

v.

UNITED STATES BOARD OF PAROLE,
Respondent-Appellee.

No. 76–1840.

United States Court of Appeals,
Tenth Circuit.

Submitted March 4, 1976.

Decided March 23, 1977.

**276**

See also 6 Cir., 540 F.2d 216.

Miguel Coronado, Jr., pro se.

E. Edward Johnson, U. S. Atty., Mary K. Briscoe, Asst. U. S. Atty., Topeka, Kan., for respondent-appellee.

Before SETH, McWILLIAMS and BARRETT, Circuit Judges.

PER CURIAM.

Miguel Coronado, Jr. seeks review of the denial by the United States District Court for the District of Kansas of his petition for a writ of habeas corpus.

Appellant was mandatorily released as if on parole from a federal penitentiary in 1973 from the remainder of a ten-year term begun in 1969. In 1974 he was convicted of several drunk driving violations by the State of Texas; he was incarcerated in a state facility for approximately a year. In October of 1974 the Parole Board (now the Parole Commission) lodged a detainer with Texas authorities; appellant requested an immediate parole revocation hearing. The Parole Board reviewed the matter and determined to let the warrant stand as a detainer. In October of 1975 appellant was paroled to federal authorities. He claims he requested a local revocation hearing in order that his attorney could be present, but that he was instead summarily dispatched to Leavenworth, Kansas where his final revocation hearing was held within two months as approved by *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484. He claims he requested counsel at the time of his final revocation hearing but that this request was denied. Parole was revoked and Coronado instituted this action claiming the Parole Board violated his constitutional rights in that:

1. The Board failed to provide him with a prompt revocation hearing following his incarceration on state charges despite his request for speedy disposition;

2. The Board failed to hold his final hearing in Texas (where he had retained counsel, witnesses, etc.) despite his request for a local hearing; and

3. The Board denied his request for counsel made at the time of his parole revocation hearing at Leavenworth, Kansas.

The Supreme Court in *Moody v. Daggett*, 429 U.S 78, 97 S.Ct. 274, 50 L.Ed.2d 236, determined that the requirement for a prompt revocation hearing begins to run when the Board executes the parole violator's warrant and takes the pa-

rolee into custody. *Moody* also approved, in effect, this court's ruling in *Small v. Britton,* 500 F.2d 299 (10th Cir.1974) that the Board need not execute the warrant pending an alleged violator's service of an intervening sentence. See also *Eblen v. U. S. Board of Parole,* Unpublished 75–1311 (10th Cir., filed February 2, 1977). The Parole Commission's new guidelines provide that once a review or "dispositional interview" of a parolee's record has been conducted, the option of simply letting the detainer stand may be properly exercised. See 18 U.S.C. § 4201 et seq; 28 C.F.R. § 2.1 et seq. Here appellant sought an immediate hearing; the Board considered but declined the request. Appellant was not entitled to more.

█ Next Coronado claims that he was entitled as a matter of right to a local final hearing as opposed to one conducted far from the scene of the alleged violation. The right to a local parole violator's hearing as established by *Morrissey* has never been extended to violators convicted of crimes committed under supervision. *Moody, supra,* 429 U.S. 86, n.7, 97 S.Ct. 274. Since the fact of conviction is easily established and suffices in lieu of the initial (probable cause) hearing, all that is left for a violator convicted of an intervening crime is the right to present to the Board evidence of mitigating circumstances. *Martinez v. Patterson,* 429 F.2d 844 (10th Cir.1970); see also *Preston v. Piggman,* 496 F.2d 270 (6th Cir.1974); *Caton v. Smith,* 486 F.2d 733 (7th Cir.1973). The record in this case reveals that Coronado was given this opportunity and that he was provided with the reasons his parole was revoked.

█ Finally appellant claims that at the time of his hearing at Leavenworth he requested counsel, which request was denied by the Board. Although there is no documentary evidence to support this claim, neither is there any to refute it. A parole violator whose violation consists of a crime committed while under parole supervision is not entitled to counsel as a matter of right. *Gagnon v. Scarpelli,* 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656; *Julian v. Harris,* 482

F.2d 405 (10th Cir.1973); *Cotner v. United States,* 409 F.2d 853 (10th Cir.1969). See also *Ganz v. Bensinger,* 480 F.2d 88 (7th Cir.1973); accord, *Holup v. Gates,* 544 F.2d 82 (2nd Cir.1976). The purpose of providing counsel at all is .to assist the Board in understanding complex or difficult facts or to help a violator who is not capable of speaking effectively for himself. *Gagnon, supra,* 411 U.S. 790–791, 93 S.Ct. 1756.

Under the Parole Commission's regulations in effect at the time of his parole hearing, Coronado was entitled to present voluntary witnesses and documentary evidence, 28 C.F.R. § 2.56 (1975). He was entitled to (and apparently did) speak in his own behalf offering mitigating . circumstances for the Board's consideration. *Martinez, supra.*

█ The Board's present rules provide that a parole violator is to be advised of his right to apply to a United States District Court for appointment of counsel. 28 C.F.R. §§ 2.47(a), 2.48(b) (1976). Under *Gagnon, supra,* and *Wolff v. McDonnell,* 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935, it appears that appellant may be entitled to reasons for the denial of counsel. However, inasmuch as he did not request such reasons from the Parole Board, the district court was correct in dismissing the action.

When this case was docketed in this court, the parties were notified that the appeal would be decided on the original record without oral argument. The parties were invited to submit memoranda in support of their respective positions. Only appellant has done so. We have thoroughly reviewed the files and records in this case and are convinced that the opinion of the district court should be affirmed.

The mandate shall issue forthwith.