**Ronald Royce LUNDY,
Petitioner-Appellant,**

v.

**R. A. OSBORN, Warden FCI,
Respondent-Appellee.**

**No. 76–4326
Summary Calendar.\***

United States Court of Appeals,
Fifth Circuit.

July 11, 1977.

Joseph L. Perkins, Marshall, Tex., for petitioner-appellant.

Roby Hadden, U. S. Atty., Hal B. Cameron, Jr., Asst. U. S. Atty., Tyler, Tex., Joseph F. Ciolino, Atty., Richard L. Thornburgh, Asst. Atty. Gen., George W. Calhoun, Atty., Dept. of Justice, Washington, D. C., for respondent-appellee.

Before THORNBERRY, RONEY and HILL, Circuit Judges.

PER CURIAM:

Ronald Royce Lundy appeals from the district court's dismissal for writ of habeas corpus. Finding no merit in his contentions, we affirm.

Lundy filed a petition for a writ of habeas corpus on July 29, 1976, while he was a prisoner at the federal minimum security prison in Texarkana, Texas. Pending transfer to another federal institution, Lundy had been placed in segregation on July 21, 1976. In his petition, he alleged that his placement in segregation violated his Eighth Amendment rights by subjecting him to cruel and unusual punishment and that the proposed transfer violated his Fifth Amendment rights because the decision to transfer him had been made without a due process hearing. Lundy had sought no administrative relief as provided for in Bureau of Prisons Policy Statement 2001.-6A.

---

\* Rule 18, 5 Cir., *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

On October 31, 1976, the District Court for the Eastern District of Texas denied habeas corpus relief. The court found that Lundy had failed to exhaust his administrative remedies as required by *Ross v. Henderson,* 5 Cir. 1974, 491 F.2d 116, and further, that the subject matter of the suit was rendered moot when Lundy was transferred prior to the respondents filing their answer.

The lower court's decision dismissing the action for failure to exhaust administrative remedies was proper. In the administration of federal prisoners, primary responsibility for supervision is delegated by statute to the Bureau of Prisons under the direction of the Attorney General, 18 U.S.C. §§ 4001 and 4042. Under that authority, the Bureau has promulgated rules and regulations for the proper administration of the various prisons and has established effective means to review actions taken by local prison officials. In line with these regulations, grievances of prisoners concerning prison administration should be presented to the Bureau through the available administrative channels. Only after such remedies are exhausted will the court entertain the application for relief in an appropriate case. See, Bureau of Prison's Policy Statement No. 2001.6; *Paden v. United States,* 5 Cir. 1970, 430 F.2d 882; *Thompson v. United States,* 5 Cir. 1974, 492 F.2d 1082.

The dismissal of the action for failure to exhaust administrative remedies having been proper, we AFFIRM without dealing with the mootness question.