**John Darlington HURST, Petitioner,**

v.

**Marvin R. HOGAN, Warden, Respondent.**

**Civ. A. No. C77–1156A.**

United States District Court,
N. D. Georgia,
Atlanta Division.

July 14, 1977.

Hurst, for petitioner pro se.

Before MOYE, EDENFIELD, HENDERSON, O'KELLEY and FREEMAN, District Judges.

**126**

## ORDER

John Darlington Hurst, a federal prisoner presently incarcerated in the Atlanta Federal Penitentiary, submits this petition for a writ of habeas corpus, alleging that the states of Florida and Alabama presently have ten detainers wrongfully lodged against him and requesting the expungement of said detainers. Let the petition be filed in forma pauperis.

Petitioner bases his request for relief solely on the fact that the agencies issuing the detainers had knowledge of petitioner's custody in the Atlanta Penitentiary on October 29, 1976, and have failed to bring petitioner to trial on any pending charges. Petitioner fails to allege that he has made any direct request to the states to be brought to trial or that he has followed the procedures mandated by the Interstate Agreement on Detainers (Agreement), 18 U.S.C. Appendix at 230 (Supp.1977).

The Agreement has been specifically adopted by the Georgia and Florida legislatures. Ga.Code Ann. §§ 77–501b to 77–516b; West's Fla.Stat.Ann. §§ 941.45 to 941.50. Article III of the Agreement sets forth a procedure by which the prisoner may forward to the appropriate prosecuting officer a request that he be tried on pending charges within 180 days. The request is made through the official having custody of the prisoner, who must forward with the request a certificate stating the term of the prisoner's commitment, time already served, time remaining to be served, good time earned, and parole eligibility. Article V(c) of the Agreement provides that if the prisoner is not brought to trial within the 180-day period, "the appropriate court of the jurisdiction where the indictment, information, or complaint has been pending shall enter an order dismissing the same with prejudice, and any detainer based thereon shall cease to be of any force or effect."

Congress has provided in the Agreement an efficient and effective method for resolving a prisoner's claim that he has been denied a speedy trial and is therefore subject to an illegal detainer. Requiring resort to remedies under the Agreement will remove the necessity of intervention by the federal courts, furthering the established principle of comity between state and federal courts.

█ Although the petition is styled an action under 28 U.S.C. § 2255, petitioner is not collaterally attacking a federal sentence, and the proper jurisdictional basis for the suit is 28 U.S.C. § 2241. Exhaustion of administrative remedies is not explicitly required under section 2241; however, where Congress has, through the Agreement, provided specific remedies to prisoners challenging detainers, the requirement of exhaustion may be implied. *See Grant v. Hogan*, 505 F.2d 1220, 1224 (3d Cir. 1974).

█ Prior to the enactment of the Agreement, only partial relief could be afforded a prisoner in this district. Under *Lawrence v. Blackwell*, 298 F.Supp. 708 (N.D.Ga.1969), a federal court had no jurisdiction over courts of a state other than Georgia; consequently, the court could not dismiss the pending charges but could only order that the officials having custody expunge the detainer from the prisoner's record. *See Weiss v. Blackwell*, 310 F.Supp. 360 (N.D. Ga.1969). Inasmuch as the procedure outlined in the Agreement conserves judicial resources and affords the complete relief of both dismissal of the state charges and expungement of the detainer, that is the procedure to which the prisoner must now resort. Petitioner in this case must proceed under the Agreement in regard to all the Florida detainers lodged against him.

█ Alabama has not yet enacted the Interstate Agreement on Detainers. As to the pending Alabama detainer the petitioner must contact the prosecuting officials in that state and request a speedy trial before presenting his claim in federal court. The procedure to be followed is that set out in *Weiss v. Blackwell, supra.* Petitioner must wait 180 days after making his demand on the Alabama authorities before asking this Court to expunge the detainers from his record. As to the underlying Alabama charges, the petitioner must exhaust his state remedies before proceeding to federal

court in Alabama to seek relief. The Court therefore determines that where a prisoner in federal custody seeks to challenge a detainer lodged against him by officials of a state other than that in which he is incarcerated, the prisoner must exhaust his remedies under the Interstate Agreement on Detainers if the state lodging the detainer has adopted the Agreement. If the state issuing the detainer has not adopted the Agreement, the procedures set out in *Weiss v. Blackwell, supra,* must be followed.

Accordingly, the instant petition is hereby DISMISSED without prejudice to petitioner's right to refile with proof of exhaustion of his Alabama state remedies and the remedies provided under the Interstate Agreement on Detainers.

SO ORDERED, this 14th day of July, 1977.