**Luigi GELFUSO, Petitioner,**

v.

**Paula TENNANT, Commissioner United States Parole Commission, Respondent.**

**No. 78–331–AAH.**

United States District Court,
C. D. California.

April 14, 1978.

Stephen Yagman, Los Angeles, Cal., for petitioner.

Andrea Sheridan Ordin, U. S. Atty., Rodney M. Perlman, Sp. Atty., U. S. Dept. of Justice, Los Angeles, Cal., for respondent.

## MEMORANDUM DECISION

HAUK, District Judge.

Luigi Gelfuso petitions this Court for a Writ of Habeas Corpus. After submission of the petition, the Court ordered the Government to file a response and allowed the petitioner to file a traverse to the response. Now, the Court, having read all the pleadings, heard the arguments of counsel and the testimony submitted by both the petitioner and the respondent, including the testimony of the petitioner himself, hereby DENIES the petition; remands the petitioner to the custody of the Attorney General; and issues this MEMORANDUM DECISION.

Petitioner was tried and found guilty of violating 18 U.S.C. §§ 371 and 1955 (Conspiracy and illegal gambling business) by a jury, the Hon. Jesse W. Curtis, United States District Judge, presiding. He was

sentenced to four years custody on September 30, 1974.

His conviction was affirmed by the Ninth Circuit Court of Appeals on October 3, 1975, 524 F.2d 609 (1975). The Supreme Court denied his petition for Writ of Certiorari on March 22, 1976. 424 U.S. 967, 96 S.Ct. 1462, 47 L.Ed.2d 733. He began serving his sentence on November 8, 1976, after being allowed to remain free on appeal bond for more than two years.

The petition is based upon the theory that the United States Parole Commission did not follow its own Guidelines in that it relied upon allegedly unsupported facts in denying petitioner's parole at his initial parole hearing. The Government's opposition argues that the petition for the writ is premature in that the petitioner has not taken an appeal from the Parole Commission's action, thereby not exhausting his administrative remedies.

On January 10, 1977, petitioner was given his initial Parole Commission Hearing. The Commission denied him parole by continuing his case until the time of his next hearing, due after service of one third of his sentence on February 16, 1978. The Commission sent the petitioner its Notice of Action, dated January 21, 1977, informing him of their decision. Petitioner subsequently filed the instant petition with this Court on January 24, 1978.

## PETITIONER DID NOT EXHAUST HIS ADMINISTRATIVE REMEDIES

Despite petitioner's allegations and his affidavit that he did appeal, it is clear from all the evidence before the Court that no appeal was taken by the petitioner from the Parole Commission's Notice of Action of January 21, 1977.

 Habeas Corpus, being a writ of extraordinary nature, requires that one may not resort to the Writ until all other remedies have been exhausted. *Mason v.*

*Ciccone*, 531 F.2d 867 (8th Cir. 1976). The reasons for the requirement of exhaustion of administrative remedies are: judicial review is facilitated by allowing the appropriate agency to develop a factual record; judicial time can be conserved because the agency might grant the relief requested; and administrative autonomy requires that an agency be given an opportunity to correct its own errors. *Marrero v. Warden*, 483 F.2d 656, 659 (3d Cir. 1973).

 The Government's witness, Mr. James Kelly, a case analyst for the U.S. Parole Commission, stated that Mr. Gelfuso's file shows conclusively that no appeals have been taken by petitioner to either the Regional Commissioner or to the National Commission. The petitioner asserted that he did file an appeal with the Regional Commissioner. However, he admitted on cross-examination that he has never filed any appeal to the National Commission. As to his purported "appeal" to the Regional Commissioner, petitioner testified that he wrote a letter to Mrs. Tennant (Regional Commissioner) sometime in February of 1977. However, he did not have any documentary proof of having sent any such a letter or of what this letter stated. By his own testimony about the alleged letter, he admitted he had not used the word "appeal" or any form of that word or similar words in that letter. He also stated that he did not use the form required by the Parole Commission. 28 C.F.R. § 2.25(a). All he said he did was write Mrs. Tennant a letter of transmittal allegedly sending to her a transcript of the testimony of the main witness against him at the jury trial. He was aware, or should have been aware that he was responsible for filing the appeal and that forms for such an appeal were available from his caseworker. These facts regarding the appeals procedure are clearly outlined in the Notice of Action which petitioner testified he had received and read.[1]

---

1. The Notice of Action, admittedly received by petitioner on or about January 23, 1977, clearly states the following:
 "*Appeals procedure*: You have a right to appeal a decision as shown below. Filing the appeal is your responsibility which others cannot perform for you. Forms for that purpose may be obtained from your caseworker, or the Regional Office of the Commission, and must be filed with the Commission within thirty days of the date this Notice was sent." And petitioner admitted having read this as part of his having read the whole notice.

Additionally, petitioner's file shows no record of any letter having ever been received by Paula Tennant, then Regional Commissioner, U.S. Parole Commission, from petitioner.

## PETITIONER'S CREDIBILITY

Finally, the Court is compelled to comment on petitioner's credibility. Petitioner made numerous misstatements in his affidavit and his testimony. Most notable among these were petitioner's affidavit of January 1, 1978, wherein the petitioner swore that he "appealed the original hearing at the Regional and National Administrative level of the Bureau of Prisons and was denied." On cross examination the petitioner admitted (1) that he had never received any denial from the Parole Commission of any appeal at any time, and (2) that he had not ever appealed the January 21, 1977, decision to the National Commissioner. These obvious falsehoods in petitioner's sworn affidavit, brought out in cross examination by the Government, critically damage the petitioner's credibility and makes the rest of his testimony totally unbelievable.

The fact that the petitioner has not exhausted his internal administrative remedies by failing to file either a Regional or a National Administrative appeal make it clear to the Court that Gelfuso's petition for Writ of Habeas Corpus must be and hereby is DENIED.