John Love LEFTWICH, Petitioner,

v.

Lee JETT, Warden, Terminal Island Federal Correctional Institution, Respondent.

No. 78–764–AAH.

United States District Court, C. D. California.

July 27, 1978.

Dean J. Pasvankias, San Francisco, Cal., for petitioner.

Andrea Sheridan Ordin, U. S. Atty., Robert L. Brosio, Asst. U. S. Atty., Chief, Crim. Div., John D. Robertson, Asst. U. S. Atty., Los Angeles, Cal., for respondent.

## DECISION AND ORDER DENYING HABEAS CORPUS

HAUK, District Judge.

The petitioner filed a Petition for Writ of Habeas Corpus as a person in Federal Custody on February 27, 1978, alleging that the United States Parole Commission had denied petitioner his rights guaranteed by 18 U.S.C. § 4214(b) in that his Parole Revoca-

tion Hearing was not held "at or reasonably near the place of the alleged parole violation . . . ." Petitioner also argues that he was not represented by his retained attorney nor was he able to present witnesses on his own behalf. Petitioner's final argument is that at no time was he ever given a copy of the presentence report, United States Attorneys' Reports, or Judge's Recommendation.

The Court having examined each and all of the arguments finds them to be without merit.

## I

### FAILURE TO EXHAUST INTERNAL ADMINISTRATIVE REMEDIES

■ Habeas Corpus, being a Writ of extraordinary nature requires that one may not resort to the Writ until all other remedies have been exhausted. *Mason v. Ciccone*, 531 F.2d 867 (8th Cir. 1976). Here, petitioner did not exhaust the following administrative remedies:

1. Appeal to the Regional Parole Commission for the Western Region as authorized by 18 U.S.C. § 4215(a) and 28 C.F.R. § 2.25; and

2. Appeal to the National Parole Commission Appeals Board pursuant to 18 U.S.C. § 4215(b) and 28 C.F.R. § 2.26.

■ The reasons for the requirements of exhaustion of administrative remedies are: judicial review is facilitated by allowing the appropriate agency to develop a factual record; judicial time can be conserved because the agency might grant the relief requested; and administrative autonomy requires that an agency be given the opportunity to correct its own errors. *Marrero v. Warden*, 483 F.2d 656, 659 (3d Cir. 1973), *rev'd on other grounds*, 417 U.S. 653, 94 S.Ct. 2532, 41 L.Ed.2d 383 (1974).

## II

### PETITIONER WAS NOT ENTITLED TO A LOCAL FINAL PAROLE REVOCATION HEARING

■ 18 U.S.C. § 4214(c) provides that when an alleged parole violator knowingly and intelligently admits a parole violation at a local preliminary hearing, the Commission may conduct the final hearing at the institution to which he has been returned. Here, the petitioner admitted at his local (San Francisco) preliminary probable cause hearing, where he was represented by counsel, that he had sustained a conviction while on parole.

Thus, under 18 U.S.C. § 4214(c), the petitioner was not entitled to a Local Final Parole Revocation Hearing, and he was given the final hearing at Terminal Island Federal Correctional Institution, to which he had been returned. *See also Coronado v. United States Board of Parole*, 551 F.2d 275 (10th Cir. 1977).

## III

### PETITIONER WAIVED RIGHT TO COUNSEL, TO PRESENT WITNESSES AT FINAL HEARING, AND TO ACCESS TO DOCUMENTS IN THE OFFICIAL FILE

■ The transcript of the final hearing makes it clear to the Court that petitioner waived the opportunity to have counsel present at the time of the hearing. (Tr. pp. 1, 2, 3, & 5, Ex. I) He was told that he was able to request a continuance of the hearing, and he again waived the right to a continuance. (Tr. pp. 1, 2, 3, & 4)

By the same token, he also waived the right to present witnesses at any hearing. (Tr. p. 5, Ex. H; Ex. M)

Further, petitioner even failed to request the disclosure of the documents from the official file, (Ex. P), even though petitioner was aware that such documents were available, because he had seen, and signed a document which stated that "you *may* review the reports and documents in your institution file which will be considered by the Commission at your hearing." (emphasis added) (Ex. J)

Finally, petitioner was read and given all of his legal and procedural rights from a detailed check list. (Ex. M)

For the above reasons, Habeas Corpus is DENIED.