**Harley E. SIX, Petitioner,**

v.

**U. S. PAROLE COMMISSION, Respondent.**

**Civ. A. No. 80–70744.**

United States District Court, E. D. Michigan, S. D.

Dec. 3, 1980.

Harley E. Six, in pro per.

Ellen G. Ritteman, Asst. U. S. Atty., Detroit, Mich., for respondent.

## MEMORANDUM OPINION

JOINER, District Judge.

Petitioner, Harley Eugene Six, presently an inmate at the Federal Correctional Institution, Milan, Michigan, filed a petition, on February 15, 1980, for a writ of habeas corpus pursuant to 28 U.S.C. Section 2241. The petition attacked actions taken or omitted by the United States Parole Commission (Parole Commission) in connection with his

initial parole hearing. Petitioner was sentenced October 4, 1979, to a two year term of imprisonment for attempted uttering and publishing altered money order pursuant to 18 U.S.C. Section 4205(b)(2). Because his (b)(2) sentence made him eligible for early parole,[1] he received an initial parole hearing on January 10, 1980 after serving approximately 3 months of his sentence.[2] The panel discussed Petitioner's offense behavior, prior criminal record, institutional adjustment and social history items such as education, employment record, marital and family status, and drug/alcohol dependence. The affidavit of the Parole Commission indicates that the panel's evaluation of Petitioner's case was pursuant to parole policy guidelines found at 28 C.F.R. 2.20 [3]. By Notice of Action dated January 24, 1980, Petitioner was informed that he was continued to expiration of sentence minus good time reductions, which results in a December, 1980, release date. Reasons for parole denial were given pursuant to 18 U.S.C. Section 4206. Under 18 U.S.C. Section 4208(h), a prisoner denied parole is entitled to a subsequent parole determination within 18 months of the initial hearing. Petitioner will be released from custody before a subsequent hearing is required. However, treating the merits of the issues raised, this Court concludes that the petition for a writ of habeas corpus should be denied. Petitioner alleges that 1) he was denied meaningful consideration of parole by not being afforded a parole determination at the one third point of his sentence where he would have an opportunity to demonstrate "exceptionally good institutional performance" and 2) by continuing him to the expiration of his sentence he has further been denied, meaningful parole consideration as contemplated by a (b)(2) sentence.

■ Preliminarily, this Court is of the opinion that review of the Parole Commission's decision at the present time would be inappropriate. As the government points out, although this petition was not filed until February 18, 1980, it was sent to this court January 25, 1980. This was one day after Petitioner was informed of his parole denial by Notice of Hearing, dated January 24, 1980. Petitioner has apparently made no effort to exhaust his administrative remedies provided under 18 U.S.C. Section 4215(a) and (b) and the Parole Commission guidelines 28 C.F.R. 2.25 and 2.26, which are clearly and conspicuously set forth on the Notice of Hearing. These provisions allow an appeal from the initial hearing and decision of the original panel to the Regional Commissioner and a further appeal from the Regional Commissioner to the National Appeals Board.

■ Habeas Corpus, being a writ of extraordinary nature, should not be considered by a federal district court until all other remedies have been exhausted. *Bowels v. Tennant*, 613 F.2d 776 (9th Cir. 1980), *Mason v. Ciccone*, 531 F.2d 867 (8th Cir.

1. Section 4205, provides, in part, as follows: (a) Whenever confined and serving a definite term or terms of more than one year, a prisoner shall be eligible for release on parole after serving one–third of such term or terms or after serving ten years of a life sentence or of a sentence of over thirty years, except to the extent otherwise provided by law. (b) Upon entering a judgment of conviction, the court having jurisdiction to impose sentence, when in its opinion the ends of justice and best interest of the public require that the defendant be sentenced to imprisonment for a term exceeding one year, may (1) designate in the sentence of imprisonment imposed a minimum term at the expiration of which the prisoner shall become eligible for parole, which term may be less than but shall not be more than one–third of the maximum sentence imposed by the court, or (2) the court may fix the maximum sentence of imprisonment to be served in which event the court may specify that the prisoner may be released on parole at such time as the Commission may determine.

2. The initial parole hearing for a (b)(2) prisoner is required by statute to be held "whenever feasible" within 120 days of imprisonment. 18 U.S.C. Section 4208(a). By regulation the Commission has committed itself to holding initial parole hearings within 120 days of imprisonment not only for (b)(2) prisoners but also for all prisoners except those serving terms of such length that their minimum parole eligibility is ten years. 28 C.F.R. Section 2.12(a) (March 5, 1979).

3. 28 C.F.R. 2.20(h)(1) & (2) indicate that the guidelines apply to all adult offenders regardless of sentence type.

1976), *Gelfuso v. Tennant*, 451 F.Supp. 539 (C.D.Cal.1978).

Although 28 U.S.C. Section 2241 does not specifically require federal prisoners to exhaust their administrative remedies before seeking habeas corpus in the federal district courts, federal courts have imposed such a requirement in some cases. *Hurst v. Hogan*, 435 F.Supp. 125 (N.D.Ga.1977); *Lundy v. Osborn*, 555 F.2d 534 (5th Cir. 1977); *Soyka v. Alldredge*, 481 F.2d 303 (3rd Cir. 1973).

Specifically, exhaustion of administrative remedies has recently been required of federal prisoners seeking habeas review of parole determinations in *Bowels v. Tennant, supra; Payton v. Thomas*, 486 F.Supp. 64 (S.D.N.Y.1980); *Leftwich v. Jett*, 453 F.Supp. 879 (D.D.Cal.1978). This requirement facilitates judicial review by allowing the appropriate agency to develop a factual record, conserves judicial time in that the agency may grant the relief requested and promotes administrative autonomy by requiring that an agency be given an opportunity to correct its own errors, *Gelfuso v. Tennant*, 451 F.Supp. 539 (C.D.Cal.1978). See, *Weinberger v. Salfi*, 422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975); *Seepe v. Department of the Navy*, 518 F.2d 760 (6th Cir. 1975).

Before this Court would dismiss the petition and require exhaustion of administrative remedies, however, it must be satisfied that a viable remedy is available. In the instant case the remedies of administrative review of the panel's decision may not now be available to Petitioner because he has allowed the 30 day period within which he was required to pursue his appeal to lapse. However, if the Court were to allow a prisoner to simply wait until the time prescribed by the regulations for filing his appeal has expired and then file a petition for a writ of habeas corpus which the court would consider on its merits, the doctrine of exhaustion of administrative remedies would be circumvented and wholly undermined.

Accordingly, upon dismissal of this petition, Petitioner may file a written appeal to the Regional Commissioner. The commissioner may decide to deny the appeal on the ground that it is untimely under 28 C.F.R. Section 2.26, or the Commissioner in his or her discretion may allow Petitioner to file the appeal out of time and rule on the merits of Petitioner's contentions. *Talerico v. Warden, U.S. Penitentiary*, 391 F.Supp. 193 (M.D.Pa.1975). It is only after the Petitioner has filed an appeal with the Regional Commissioner, thereby establishing the *opportunity* to have a ruling on his claims, that he would have exhausted his administrative remedies.

Even if this Court were to excuse exhaustion because the time period for filing an appeal to the Regional Commissioner has expired, this petition would still be dismissed on the ground that the Parole Commission's guidelines as applied in the initial parole hearing at issue were appropriate.

The Parole Commission Reorganization Act of 1976 (P.C.R.A.), 18 U.S.C. Sections 4201-4218 (1976), retains the sentencing provision which makes a prisoner eligible for parole at any time, rather than at the one third point of his sentence, Section 4205(b)(2). It also explicitly authorizes the reorganized Parole Commission to establish parole guidelines, Section 4203(a)(1), and mandates that release of a prisoner eligible for parole will be "pursuant" to "the guidelines," Section 4206(a). There is nothing in the text of the P.C.R.A. to indicate that the Commission is obliged to apply the guidelines differently to (b)(2) prisoners than to those serving regular sentences. *Moore v. Nelson*, 611 F.2d 434, 437 (2nd Cir. 1979), *Shahid v. Crawford*, 599 F.2d 666 (5th Cir. 1979).*

The panel which sat for Petitioner's revocation hearing rated his offense behavior as low moderate severity because of his involvement in the altering of money orders less than $2,000. Petitioner's parole prognosis (the likelihood of remaining at liberty without violating the terms of his release), was evaluated by utilizing the salient factor scoring device set forth at 28 C.F.R. Section 2.20. Petitioner was given a score of 2

---

* *Shahid v. Crawford*, 599 F.2d 666 (5th Cir. 1979), *reh. denied*, 608 F.2d 524 (1979).

which indicated that he was a "poor" parole risk. At the time of the hearing, Petitioner had been in custody approximately 8 months. With his offense severity rating and parole prognosis, the suggested range of months to be served before release (with good institutional adjustment and program performance) was determined to be 16–22 months. The panel recommended that a decision outside the guidelines was not warranted.

In light of the strong policy reasons for requiring exhaustion of administrative remedies and the apparent lack of merit of the grounds asserted for habeas relief, this Court believes that a review of the parole determination at issue would be inappropriate. Accordingly, an order dismissing the instant petition may enter.