**Richard Francis DeVINCENT**

**v.**

**UNITED STATES of America, et al.**

**Civ. A. No. 84–0083–R.**

United States District Court,
E.D. Virginia,
Richmond Division.

July 3, 1984.

---

Richard Francis DeVincent, pro se.

G. Wingate Grant, Asst. U.S. Atty., Richmond, Va., for defendants.

## OPINION

WARRINER, District Judge.

Petitioner, proceeding *pro se* and *in forma pauperis,* filed this petition for a writ of habeas corpus on 8 February 1984. Respondents filed a motion to dismiss on 2 March. Petitioner was notified of an opportunity to respond on 13 March which he did on 5 April. Respondents' motion is now ripe for consideration. The Court has jurisdiction under 28 U.S.C. § 2241.

Construing the petition broadly, *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972), the Court is of the opinion that petitioner's claim is that the respondents have improperly computed his release date. It appears that petitioner was sentenced to eight years imprisonment on 7 May 1976. On 16 June of that year petitioner began service of that sentence. On 5 November 1979 petitioner was sentenced to two additional terms of 5 years. These sentences were to run concurrently with each other but consecutive to the 8 year sentence. According to the respondents, these sentences were then aggregated in accordance with Title 18, U.S.C. § 4161, for the purpose of computing good time allowances. Roach Affidavit at 2. On 6 October 1981 petitioner was sentenced to an additional term of 5 years which was ordered to run concurrently with the aggregated 13 years which petitioner was already serving. The dispute between petitioner and respondents developed over this last sentence.

According to respondents, the mandatory release date of the 1981 sentence exceeded the mandatory release date of the aggregate term of 13 years. Therefore, in accordance with the Bureau of Prison Sentence Computation Manual Program Statement 5880.20, pages 56–57, respondents determined that the 1981 sentence could not be aggregated with the 13 year sentence and that the 1981 sentence had to stand alone for purposes of parole/good time consideration. Roach Affidavit at 2. On 4 January 1984 petitioner was mandatorily released under parole guidelines from the aggregate 13 year sentence, but he continued to be confined under the 1981 sentence which had a mandatory parole release date of 12 June 1985, less extra good time credit. On 2 February 1984 the U.S. Parole Commission granted petitioner an effective parole date of 23 March 1984 for the 1981 sentence. Petitioner's argument is that because the sentencing judge ordered that the 1981 sentence run concurrently with the 13 year sentence he was already serving, the Parole Commission was bound to aggregate those sentences for purposes of parole consideration, and release him at the earliest mandatory release date on 4 January 1984.

Respondents urge this Court not to consider the merits of petitioner's claim because he has not exhausted his administrative remedies. *See* Nash Affidavit at 1. Petitioner does not deny that he has failed to exhaust his administrative remedies.

A writ of habeas corpus is an extraordinary remedy, and "its use is limited to cases of special urgency or severity for which more conventional remedies are inadequate." *Kemper v. Ingram,* 628 F.2d 1349 (4th Cir.1980) (unpublished), slip op. at 2–3, citing *Willis v. Ciccone,* 506 F.2d 1011, 1014 (8th Cir.1974). Accordingly, a writ of habeas corpus should issue only after exhaustion of administrative remedies unless there are unusual circumstances. *Willis v. Ciccone,* 506 F.2d at 1015; *Guida v. Nelson,* 603 F.2d 261, 262 (2nd Cir.1979); *Lundy v. Osborn,* 555 F.2d 534, 535 (5th Cir. 1977). As petitioner has administrative remedies available to him, and as he has shown no unusual circumstances which would exempt him from exhausting these remedies, the petition shall be DISMISSED.

An appropriate order shall issue.

Should petitioner desire to appeal, written notice of appeal must be filed with the Clerk of the Court within 30 days of the entry hereof.