762 F.2d 1005
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
EDWARD ARCINIEGA, PLAINTIFF-APPELLANT,
v.
UNITED STATES PAROLE COMMISSION, DEFENDANT-APPELLEE.
 NO. 84-1315
 United States Court of Appeals, Sixth Circuit.
 3/18/85
 
 ORDER
 BEFORE: WELLFORD and MILBURN, Circuit Judges; and PHILLIPS, Senior Circuit Judge.
 
 
 1
 Plaintiff appeals the district court's April 16, 1984, order dismissing his habeas corpus petition brought under 28 U.S.C. Sec. 2241. The case has been referred to a panel of the Court pursuant to Sixth Circuit Rule 9(a). Upon consideration of the briefs and the record, the panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Petitioner was convicted on drug charges in 1976 and sentenced to fifteen years. He was paroled in 1981. On September 30, 1982, the United States Parole Commission issued a parole violator warrant based upon new drug charges brought against petitioner. However, the warrant was held in abeyance pending disposition of the new charges. On January 28, 1983, petitioner was convicted on the new charges and sentenced to three years. The parole violator warrant was placed against petitioner as a detainer sometime between March 22, 1983 and April 11, 1983. Petitioner filed the habeas corpus petition on July 8, 1983, claiming he had not received a hearing on the parole violator warrant. On July 14, 1983, the Parole Commission conducted a combined initial hearing/dispositional revocation hearing based upon the parole violator warrant. On August 16, 1983, the Parole Commission issued a notice of action stating that petitioner's parole was revoked and the unexpired portion of the original fifteen-year sentence would commence upon his release from his new sentence. Petitioner did not appeal this decision. The district court dismissed the petition on the grounds that the parole revocation hearing issue was moot and petitioner failed to exhaust his administrative remedies before attacking his parole revocation in federal court. Petitioner argues on appeal that the Parole Commission abused its discretion in revoking his parole and in ordering his sentence to run consecutively to the new sentence, that the hearing issue is not moot, and that his special parole term is unconstitutional.
 
 
 3
 Petitioner claims in his petition that he was entitled under 18 U.S.C. Sec. 4214(a) to a probable cause hearing to determine whether he violated his parole and a revocation hearing within 60 days of the probable cause determination. He also claims he was entitled to a review of the detainer within 180 days under 18 U.S.C. Sec. 4214(b)(1). Section 4214(a) is inapplicable to petitioner's case because petitioner was convicted on the charges constituting the parole violation. Section 4214(a) specifically excludes this type of violation from the probable cause hearing requirement. The claim under section 4214(b)(1) is also invalid because the Parole Commission was entitled to hold the warrant in abeyance under section 4214(b)(1) pending disposition of the new criminal charges against petitioner. The July 14 hearing was held within 180 days from when the detainer was lodged as required by section 4214(b)(1). Therefore, petitioner has not stated any statutory or constitutional violation resulting from the alleged 'delay' of the hearing. Even if the hearing was not held within the 180-day period, petitioner is not entitled to habeas corpus relief because he has not demonstrated any prejudice resulting from the alleged delay. See Northington v. United States Parole Commission, 587 F.2d 2 (6th Cir. 1978).
 
 
 4
 Petitioner also claims that the Parole Commission abused its discretion by not following the parole guidelines and by ordering his prior sentence to run consecutively to the new sentence, and that his special parole term is unconstitutional. The issues concerning the Commission's failure to follow the parole guidelines and the constitutionality of the special parole term were not raised in the district court and will not be considered on appeal. Michigan Chemical Corporation v. American Home Assurance Co., 728 F.2d 374, 377 (6th Cir. 1984). Petitioner is precluded from attacking the Parole Commission's decision in a federal habeas corpus proceeding since he has not exhausted his administrative remedies. See Little v. Hopkins, 638 F.2d 954 (6th Cir. 1980); Seepe v. Department of the Navy, 518 F.2d 760 (6th Cir. 1975); Six v. United States Parole Commission, 502 F.Supp. 446 (E.D. Mich. 1980).
 
 
 5
 Accordingly, it is ORDERED that the district court's judgment is affirmed. Sixth Circuit Rule 9(d)(3).