United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 18, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-50659
Summary Calendar
_____

BOBBY GENE ANNIS; GREGORIO CASTANEDA; MICHAEL BRIGGS; G. H.
LINCECUM,

                                    Plaintiffs-Appellants,

versus

HARLEY G. LAPPIN, Director, Federal Bureau of Prisons; JAMES B.
FOX, Warden, Bastrop Federal Correctional Institution;
DEBORA WARREN, in her individual capacity and as an employee
of the Bastrop Federal Correctional Institution,

                                    Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:04-CV-539
--------------------

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

     The plaintiffs appeal from the district court's dismissal of
their lawsuit alleging that the defendants violated the plaintiffs'
Eighth Amendment rights while the plaintiffs were incarcerated at
the Bastrop Federal Correctional Institution.  This court reviews
a dismissal under Rule 12(b)(6) of the Federal Rules of Civil
Procedure de novo.  Edwards v. Johnson, 209 F.3d 772, 776 (5th Cir.
2000).

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In their first issue, the plaintiffs challenge the district court's dismissal based upon the general Rule 12(b)(6) standard but fail to adequately brief their argument. Accordingly, that issue is waived. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993); FED. R. APP. P. 28(a)(9).

The plaintiffs also contend that the district court's dismissal for failure to exhaust administrative remedies was erroneous because there was no evidence in the record that any administrative remedies existed, other than the remedies that the plaintiffs pursued. As noted in district court, the Bureau of Prisons has established an administrative remedy program. 28 C.F.R. §§ 542.13-542.15; see also Lundy v. Osborn, 555 F.2d 534, 534-35 (5th Cir. 1977). For the purpose of meeting the exhaustion requirement set forth at 42 U.S.C. § 1997e(a), it is the plaintiffs who must allege exhaustion with sufficient specificity. See Underwood v. Wilson, 151 F.3d 292, 294, 296 (5th Cir. 1998); see also Days v. Johnson, 322 F.3d 863, 866 (5th Cir. 2003) ("Since the amendment of § 1997e, this Court has taken a strict approach to the exhaustion requirement."). Accordingly, the plaintiffs' argument lacks merit.

As the plaintiffs have failed to challenge the district court's dismissal on any other basis, the district court's judgment is AFFIRMED.