**Charles GUIDA, Appellant,**

v.

**W. Raymond NELSON, Warden, Federal Correctional Institution, Danbury, Connecticut, Appellee.**

**Cal. No. 851, Docket 78–2102.**

United States Court of Appeals, Second Circuit.

Submitted March 22, 1978.

Decided June 20, 1979.

Diana Garfield, Asst. U. S. Atty. for the District of Connecticut, New Haven, Conn. (Richard Blumenthal, U. S. Atty., Dist. of

**262**

Connecticut, New Haven, Conn., of counsel), for appellee.

Charles Guida, pro se.

Before LUMBARD, FEINBERG and OAKES, Circuit Judges.

PER CURIAM:

Charles Guida, pro se, an inmate at the Federal Correctional Institute in Danbury, Connecticut, appeals from an order entered by Judge T. F. Gilroy Daly in the District of Connecticut on August 18, 1978 denying appellant's petition for a writ of habeas corpus. Guida claims that the United States Parole Commission improperly issued and executed a mandatory release violator warrant. Finding that appellant has failed to exhaust his administrative remedies, we affirm.

On March 1, 1967, Guida was sentenced in the Southern District of New York to an eight-year term of imprisonment for bank robbery and conspiracy to commit bank robbery. On May 19, 1972, with 950 days remaining on his sentence, Guida was mandatorily released pursuant to 18 U.S.C. § 4164. By the terms of the statute, if Guida refrained from further criminal activity, this probationary "as if on parole" release was to become permanent on June 28, 1974.

In May, 1974, however, Guida was arrested on a state bribery charge and on federal and state drug charges. Consequently, the U. S. Board of Parole, now the Parole Commission, on June 6, 1974 issued a mandatory release violator's warrant. Action on the warrant was delayed pending disposition of the charges against Guida.

Guida pled guilty to both the state bribery charge and the federal drug charge (the state drug charge was dismissed), receiving a "time-served" sentence on the bribery charge but a five-year sentence on the federal drug charge. Subsequently, the Parole Board lodged its still unexecuted violator warrant with federal prison officials as a detainer, to ensure that Guida would not be released from custody until the Parole Board could assess Guida's apparent parole violation and make a parole revocation determination.

Guida's sentence on the drug charge expired on October 2, 1977. Though Guida was kept in custody pursuant to the violator warrant, the warrant remained unexecuted until January 12, 1978. Apparently because the Parole Board itself was not informed of the warrant's execution until January 12, 1978, Guida did not receive a parole revocation hearing until February 15, 1978.

Following Guida's revocation hearing, the Parole Board decided to revoke Guida's mandatory release, to deny him credit on the initial bank robbery sentence for the time spent under mandatory release supervision, and to continue his incarceration on the mandatory release violator warrant until its expiration. Guida did not appeal the Parole Board's action. Instead, he filed the instant petition for a writ of habeas corpus in the District Court for the District of Connecticut. In response to Guida's motion for leave to proceed in forma pauperis, but after the Government's answer to the habeas petition, Judge Daly denied habeas relief on two grounds: first, that Guida had failed to exhaust his administrative remedies; and second, that there was no impropriety in the Parole Board's use of the violator warrant.

We find no error in Judge Daly's ruling that Guida's petition must be dismissed because of his failure to pursue any parole board appeals prior to seeking habeas corpus relief in the district court. Other circuits passing upon this question have uniformly held that exhaustion of administrative remedies is required before habeas relief be granted. *See e. g. United States ex rel. Sanders v. Arnold*, 535 F.2d 848, 851 (3d Cir. 1976); *Willis v. Ciccone*, 506 F.2d 1011, 1015 (8th Cir. 1974).

Guida has argued in this court that he was not given a revocation hearing within ninety days after he was held pursuant to the violator warrant, as required by 18 U.S.C. § 4214(c). Although Guida was held in custody pursuant to the violator warrant beginning on October 2, 1977, the date his sentence on the federal drug charge expired, the violator warrant was not exe-

cuted until January 12, 1978 and no revocation hearing was held until February 15, 1978. Guida's claim of a delay in excess of the statutory period thus appears accurate, and he will have the opportunity in further proceedings before the Parole Commission to show what, if any, prejudice may have resulted from the delay.

Affirmed.