**William MILLER, Petitioner,**

v.

**Warden QUINLAN and the United States Parole Commission, Respondents.**

**No. 83 Civ. 1870.**

United States District Court, S.D. New York.

June 14, 1983.

William Miller, pro se.

Rudolph W. Giuliani, U.S. Atty., S.D. N.Y., New York City, for respondents; Denny Chin, Asst. U.S. Atty., New York City, of counsel.

## OPINION

EDWARD WEINFELD, District Judge.

Petitioner, William Miller, is confined to the federal correctional facility in Otisville, New York. He brings this petition for a writ of habeas corpus under 28 U.S.C., section 2241, charging that he is being unlawfully confined in violation of his Fifth Amendment rights to due process and against double jeopardy.

Miller was sentenced to a twenty year term of imprisonment for violations of the federal narcotics laws in September 1971 by the United States District Court for the District of Massachusetts. After serving approximately six years, he was released on parole, to remain under supervision through March, 1991. On April 1, 1980—just short of two years after his release—Miller was taken back into custody on the basis of a parole violation warrant. After a hearing on June 20, 1980, the charges were sustained. Miller remained in confinement through November 17, 1980, when he was rereleased subject to parole supervision through July 5, 1992.

On November 9, 1981, Miller was arrested and charged in Massachusetts state court with larceny, forgery and uttering. Subsequently, the Parole Commission (the "Commission") was informed that Miller had failed to appear to answer these charges. No action was taken by the Commission, however, pending the outcome of the state prosecution. However, on March 18, 1982, Miller's probation officer recommended the issuance of a parole violation warrant to the Commission on the ground of Miller's failure to: (1) report his arrest; (2) give notice of his change of address; (3) report to his probation officer; and (4) submit a supervision report. The warrant issued on April 7, and Miller was taken into federal custody on May 25. After a preliminary hearing on June 3, his parole officer recommended a

finding of probable cause that Miller had violated the terms of his parole. Despite this recommendation, he was released and reinstated to supervision on the basis of statements made to the Commission by the United States Marshal's Office to the effect that Miller was suffering from serious medical problems and required constant medical attention and bed rest. In furtherance of this decision, a notice of action was sent to Miller, advising him that he was to appear at a parole revocation hearing within sixty days of June 14. Thereafter, Miller made timely reports to his parole officer. Accordingly, the Commission withdrew the parole violation warrant pending disposition of the state charges. A notice of action to this effect was sent to Miller on or about August 26, 1982.[1]

On October 27, 1982, the Commission was informed that Miller had been convicted of larceny in state court, but it decided to await his sentencing disposition before taking further action. Subsequently the Commission was notified that he had failed to appear at his state court sentencing hearing, and that a *capias* had been issued against him on November 19. On December 7, a third parole violation warrant was issued against Miller, charging him with his state court conviction and his failure to appear at his sentencing hearing. He was taken into federal custody on December 22.

A parole revocation hearing was held on January 14, 1983, which ultimately resulted in the revocation of Miller's parole, the forfeiture of his time spent on parole, and his continuation on a presumptive parole basis after service of twenty-eight months' incarceration. Miller filed a regional administrative appeal on April 7,[2] which, since the filing of this petition, was affirmed on May 5, 1983. He has the right to take a further appeal to the National Appeals Board, but to date has not done so.[3]

---

1. Miller denies receiving this notice.

2. *See* 18 U.S.C. § 4215(a).

3. 18 U.S.C. § 4215(b). *See Carmel v. Thomas,* 510 F.Supp. 784, 788 (S.D.N.Y.1981). Al-

though the statute only permits the filing of an appeal within 30 days from date of the Regional Commission's decision, in practice an additional 15-day period is allowed.

Miller raises two claims in his petition. First, that he was denied due process by reason of the Commission's failure to afford him a parole revocation hearing on the charges in the April 7, 1982 warrant (which charges were eventually withdrawn by the Commission). Second, that he was subjected to multiple prosecutions in violation of the double jeopardy clause by reason of the issuance of the December 7, 1982 warrant. His failure to exhaust further available administrative remedies,[4] however, requires dismissal of his petition.[5] Moreover, his motion for release on bail pending the determination of this petition is now moot.

So ordered.

---

4. *See* note 3, *supra.*

5. *See Guida v. Nelson,* 603 F.2d 261, 262 (2d Cir.1979) (per curiam); *Payton v. Thomas,* 486 F.Supp. 64, 69–70 (S.D.N.Y.1980). *Accord Kyle v. Hanberry,* 677 F.2d 1386, 1391–92 (11th Cir.1982); *Little v. Hopkins,* 638 F.2d 953, 953–

54 (6th Cir.1981); *Clonce v. Presley,* 640 F.2d 271, 273 (10th Cir.1981); *Willis v. Ciccone,* 506 F.2d 1011, 1015 (8th Cir.1974); *Six v. United States Parole Comm'n,* 502 F.Supp. 446, 448 (E.D.Mich.1980).