Homer LEE, Petitioner,

v.

UNITED STATES PAROLE COMMISSION, and J. Michael Quinlan, Respondents.

No. 84 Civ. 3407 (PNL).

United States District Court,
S.D. New York.

April 5, 1985.

---

Homer Lee, pro se., petitioner.

Henry J. Sadowski, Regional Counsel, U.S. Parole Com'n, Philadelphia, Pa., for respondents.

## MEMORANDUM AND ORDER

LEVAL, District Judge.

Pro se petitioner, Homer Lee, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He claims that the actions of the United States Parole Commission in setting his presumptive parole date constituted an abuse of discretion and a violation of the Ex Post Facto clause. The Commission moves to dismiss.

*Facts*

In January, 1982, Lee pleaded guilty in the Southern District of Florida to one count of bank robbery. A second bank robbery charge was dropped as part of the plea bargain. On February 22, 1982, Lee was sentenced to a term of 20 years. He was held in the county jail after receiving his sentence. On about March 2, 1982, he escaped from the jail and was apprehended in Philadelphia on about June 28, 1982. On October 4, 1982, Lee pleaded guilty in the Southern District of South Carolina to one count of escape. On November 4, 1982, he was sentenced to a five-year term, to run consecutive to the 20-year term.

According to Jack Schneider, the Case Analyst in the Regional Office of the Parole Commission, Lee was sentenced for the bank robbery under 18 U.S.C. § 4205(b)(2), making him immediately eligi-

ble for parole. As to Lee's escape conviction, his parole eligibility was determined by 18 U.S.C. § 4205(a) which requires service of one-third of the sentence before being eligible for parole. As a result, Lee's original parole eligibility date on the total 25 year term was twenty months—one-third of his five year sentence.

On March 7, 1983, Lee was given an initial parole hearing pursuant to 28 C.F.R. § 2.12. The examiner panel found that Lee was involved in one armed, masked bank robbery and an escape involving an assault on a jail guard. The panel found insufficient evidence to conclude that Lee had committed the second bank robbery. The panel recommended that Lee be held for a presumptive parole date after service of 60 months. The basis for this recommendation was that the panel rated Lee's offense behavior at category 5 because of his involvement in the bank robbery and the escape. His salient factor score was 4. Under the parole guidelines, this resulted in a minimum service requirement of 48–60 months. *See* 28 C.F.R. § 2.20. The panel recommended a presumptive parole date at the top of the guidelines, i.e. 60 months, because Lee participated in an armed, masked robbery and the escape involved an assault on a jailer.

■■■ The Regional Office then reviewed the panel's recommendation. The Administrative Hearing Examiner recommended that the information relating to the second bank robbery was sufficient to support a finding by the Parole Commission that Lee committed that robbery. He recommended that the panel's recommendation of 60 months be increased to 70 months. The Regional Commissioner agreed with this recommendation and this became the final decision of the Parole Commission pursuant to 28 C.F.R. § 2.23(d).[1] A Notice of Action that was

---

**1.** In the memorandum of law submitted with his habeas petition, Lee contended that it was improper for the Administrative Hearing Examiner to modify the decision of the examiner panel. He quoted 28 C.F.R. § 2.23(c) which provides that a Hearing Examiner only votes on a panel recommendation if the two panel mem-

bers cannot concur. However, in this case, the Hearing Examiner did not modify or vote on the panel recommendation; he simply made a recommendation to the Regional Commissioner. It was the Regional Commissioner who made the new findings. In any event, Lee was afforded a new initial hearing where he was

sent to Lee explained that the basis for the 70 month presumptive parole date was that Lee's offense behavior was rated as Category 6 severity because of his participation in three Category 5 offenses (two bank robberies and an assault on a jail guard).[2] Lee's salient factor score equaled 4. Under the Parole Commission guidelines, a range of 64–78 months must be served before release for cases with the above factors. In addition, the Notice stated that an additional 6–12 months was added to the original range for the escape offense under the Parole Commission's recission guidelines.[3] The combined guideline range was 70–90 months.

Lee filed regional and national appeals of this decision. On appeal, the Commission retained the 70 month parole date, but gave the petitioner credit for an additional 32 days he spent in jail. Therefore, Lee was given a revised presumptive parole release date of January 21, 1988. Lee then filed this habeas petition.

In June 1984, after the instant petition was filed, the Regional Commission reopened Lee's case pursuant to 28 C.F.R.

§§ 2.28(a) & 2.55(f) because it discovered that the Parole Commission had received a presentence report for the bank robbery after the initial hearing and that Lee had never been given an opportunity to review and respond to the information contained in this report.[4] On September 18, 1984, Lee was given a new hearing.

After the new hearing, the panel recommended that the 70 month presumptive parole date be continued. It found that there was sufficient information to conclude by a preponderance of the evidence that Lee had committed both bank robberies. It also concluded that the escape involved some means of force against the prison guard. The Regional Commissioner agreed with this assessment and a Notice of Action was sent on or about October 18, 1984.[5]

This Notice set out the reasons for the 70 month parole date. Lee's original offense, the bank robbery, is a Category 5 severity offense which requires a minimum service of 48–60 months where the prisoner has a salient factor score of 4. *See* 28 C.F.R. § 2.20. In addition, since the escape involved the use of fear or force, it is rated

given the opportunity resubmit his case. The second examiner panel recommended the same 70 month presumptive parole date that the Regional Commissioner had previously ordered. The decision of this new hearing panel superseded the prior panel's decision. Since, as shown below, the second decision by the Commission is fully supported by the evidence, any procedural errors that may have occurred during the first Commission review are irrelevant.

**2.** The Commission apparently reached the determination of a Category 6 severity rating by increasing the severity rating for the three Category 5 offenses under 28 C.F.R. § 2.20, Note 2 of the General Notes and Definitions to the Parole Commission Guidelines. Note 2 provides that where "an offense behavior involved multiple separate offenses, the severity level may be increased."

**3.** The recission guidelines contained in 28 C.F.R. § 2.36 apply to "new criminal behavior committed by a prisoner subsequent to his sentence and prior to his release on parole." This regulation requires that a separate guideline range be assessed for this new criminal conduct committed while in custody. These guidelines are added to the guideline range assessed for the original criminal conduct. It appears that

the first hearing panel neglected to add the additional recission guideline range for the escape offense in determining Lee's presumptive parole date. In reviewing this initial recommendation, the Regional Commissioner corrected this error by adding the recission guideline range of 6–12 months required for a simple escape under the recission guidelines. It should be noted that this 6–12 month range did not take into account the assault committed during the escape. In the initial Commission decision, the assault was considered separately in assessing the offense severity rating as noted above. In the second Commission decision, the assault was considered in determining the recission guideline range for the escape, but was not considered in setting the severity rating for the original offense. Therefore, in neither decision was the assault considered twice in the same parole review.

**4.** There is no significant difference in the background information set forth in the two reports.

**5.** A previous Notice of Action which contained an incorrect statement of the Commission's reasons was sent to Lee about a week before this date. The second and amended Notice, sent on October 18, 1984, corrected this error.

as a Category 5 offense under the recission guidelines which require that an additional 24–36 months be added to Lee's original guideline range. The total guideline range was 72–96 months. However, since Lee had initially been given a 70 month parole date, the Commission retained the 70 month date because it had not received any new adverse information to support a more adverse decision. Pursuant to 28 C.F.R. § 2.14(a)(1)(ii), Lee was scheduled for an interim hearing in March 1985. It appears that Lee never appealed the second decision by the Parole Commission.

### Discussion

■ As an initial matter, it should be noted that this action could be dismissed for petitioner's failure to exhaust his administrative remedies. Although Lee appealed the first Commission decision, he apparently has not appealed the second decision after the rehearing. *See Miller v. Quinlan,* 564 F.Supp. 802, 804 (S.D.N.Y. 1983) (Weinfeld, J.) (habeas petition challenging Parole Commission actions dismissed on merits and for failure to exhaust administrative remedies). The defendants, however, have not asserted this contention.

### Abuse of Discretion

■ In any event, this petition should be dismissed on the merits. The petitioner claims that the Commission erred in concluding that Lee committed the second bank robbery [6] and that the escape involved the use of force or fear [7]. I conclude, however, that there was no abuse of discretion. The Commission had sufficient evidence before it to support its conclusions.

---

**6.** See note 1 *supra.* The Commission could have properly reached the 70 month presumptive parole date without its finding that Lee committed the second bank robbery. As shown above at page 637, the first bank robbery and the escape would have justified a guideline range of 72–96 months.

**7.** The first hearing panel found that Lee had committed an "assault" on the jail guard in the course of his escape in March, 1982. The Regional Commissioner accepted this determination. In his original petition, Lee objected to the Commission's finding that he committed an "assault." After the second hearing, the Com-

■ The presentence reports for both the bank robbery and the escape convictions contained the following information. As to the second bank robbery, the reports noted that the same modus operandi was used in both the first and the second bank robberies. In addition, Lee and his coconspirator in the first robbery were placed in the vicinity of the second robbery on the day of the robbery. Finally, the second panel noted that the same confidential source who contributed information regarding the first robbery also tied Lee and his coconspirator to the second robbery.

As to the escape offense, the presentence report for this crime stated that Lee had hacksaw blades smuggled to him during a visit from his wife. These blades were used to saw through the bars of his cell. Lee, another prisoner, Michael McGarl, and a third prisoner tried to escape through a fire escape but were unable to do so. When a jail officer later entered the cell area, McGarl approached the officer holding one of the cell bars in his hand and demanded the keys. The officer slipped and fell to the floor while McGarl was standing over him with the bar. The escape presentence report states that *Lee* grabbed the key from the officer. At his second hearing, Lee produced a report written by the officer involved. This report stated that McGarl, not Lee, took the keys from the officer. After obtaining the keys, McGarl, Lee and the third prisoner escaped the jail on about March 1 or 2, 1982. Lee was recaptured on June 28, 1982.

The Commission specifically noted that although it was McGarl who held the pipe

mission characterized the escape as having been committed "by the use of force or fear" without using the term "assault." In his response to the Commission's motion to dismiss the petition after the second hearing, Lee apparently claims that the Commission may not redefine this offense as an "escape using fear or force." Since the second hearing was presumably intended to substitute the first hearing, the second panel was not bound by the findings of the first panel. In any event, as shown below, there was sufficient evidence to conclude that Lee was involved in an assault on a jailer while effecting his escape.

over the officer during the escape, Lee should be held responsible for this activity. The Commission also stated that regardless of the officer's statement that he was not injured and did not believe that an assault had occurred, the fact that McGarl approached the officer with a pipe in his hand was sufficient to constitute an assault.

■ It is proper, and indeed expected, that the Parole Commission consider facts asserted in a prisoner's presentence reports. *See Billiteri v. United States Board of Parole,* 541 F.2d 938, 944–45 (2d Cir.1976); 28 C.F.R. 2.19(a). In addition, the Parole Commission may properly consider offenses charged in the indictment but dismissed as a result of a plea bargain, as long as this does not violate the terms of the plea bargain. *Robinson v. Hadden,* 723 F.2d 59, 62 (10th Cir.1983), *cert. denied,* —— U.S. ——, 104 S.Ct. 1684, 80 L.Ed.2d 159 (1984). As to the escape and assault, it was proper for the Commission to hold Lee accountable for his cohort's actions. Under 28 C.F.R. § 2.20, Note 4 to the General Notes and Definitions of the Parole Commissions Guidelines, a prisoner is to be "held accountable for ... actions done in concert with others ... [but not for actions over which] the prisoner had no control and could not have reasonably been expected to foresee." There was sufficient evidence that Lee actively participated in the escape and could have easily foreseen the assault by McGarl. As there was sufficient evidence to show Lee's involvement in the offenses that the Commission considered in setting his severity rating and the 70 month parole date was clearly within the guidelines for Lee's severity rating and salient factor score, the Parole Commission did not abuse its discretion in setting a presumptive parole date of January, 1988.

*Retroactivity*

■ Petitioner's retroactivity argument is difficult to understand. Lee relies on *Rodriquez v. United States Parole Commission,* 594 F.2d 170 (7th Cir.1979). The *Rodriquez* court held that application of a provision in the 1976 Parole Commission

and Reorganization Act, 18 U.S.C. § 4201 *et seq.,* providing for interim hearings within 18 months after the initial hearing where the initial hearing was held immediately after the prisoner was sentenced, was a violation of the Ex Post Facto Clause in the case of a prisoner whose offenses were committed prior to the effective date of the new parole Act. The Seventh Circuit reasoned that the effect of the 18 month provision in cases where the prisoner was sentenced to a short term, for example 2 years or less, would be to deny the prisoner any meaningful opportunity for parole release. The court observed that very few prisoners were paroled at an initial hearing held just after the prisoner began serving his sentence usually because there is little evidence of the prisoner's institutional behavior or his change in motivation at this early date. As a result, in cases where the sentence is 2 years or less, the next interim hearing (which would be the prisoner's first realistic opportunity for parole) would not occur until the prisoner's sentence was almost completed.

The *Rodriquez* case is not apposite. First, Lee's offenses were committed after the effective date of the new parole Act. Second, Lee's total sentence is not for a short period, but for 25 years. Finally, Lee has been given ample opportunity for parole consideration. He has had two full scale hearings and has an interim hearing scheduled for March 1985 pursuant to 28 C.F.R. § 2.14(a)(1)(ii). In addition, unlike the *Rodriquez* case, Lee was given an initial hearing after serving almost 20 months or one-third of his 5 year escape sentence. At the time of the initial hearing, there was ample evidence of Lee's behavior while incarcerated for the Commission to make an adequate assessment of his parole capability.

Lee appears to be arguing that the Parole Commission guidelines and regulations were applied in such a way as to deprive him of any meaningful opportunity for parole. He claims that he will not be given another opportunity for parole until January 1988—his presumptive parole release

date. As shown above, petitioner was afforded two adequate initial hearings. The Commission made appropriate findings as to Lee's offense severity rating and set a parole date in accordance with the parole guidelines. He has not been denied a meaningful opportunity for parole.

The petition is dismissed.

SO ORDERED.