**William MASSELLI, Petitioner,**

v.

**UNITED STATES PAROLE COMMISSION, Norman A. Carlson, Director of the Bureau of Prisons, John Cunningham, Warden, BX House of Detention, Chairman, United States Parole Commission, Respondents.**

**No. 85 Civ. 7873 (CSH).**

United States District Court, S.D. New York.

April 4, 1986.

William Masselli, pro se.

Rudolph W. Giuliani, U.S. Atty., S.D. N.Y., New York City, for respondents; Randy M. Mastro, Asst. U.S. Atty., of counsel.

## MEMORANDUM OPINION AND ORDER

HAIGHT, District Judge:

William Masselli petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Masselli is a federal prisoner serving a seven-year term of imprisonment upon conviction in the United States District Court for the Southern District of New York.[1] He seeks relief from a determination by the United States Parole Commission (the "Commission") setting his presumptive release date, see 28 C.F.R. § 2.12(b) Respondents contend that Masselli has failed to exhaust his administrative remedies and that the instant petition should therefore be dismissed.

Masselli began serving his term on February 1, 1982. His full-term release date was calculated as January 29, 1989; his statutory two-thirds release date, see 18 U.S.C. § 4206(d), has been calculated as September 28, 1986. After his initial parole hearing at the Federal Correctional Institution in Tallahassee, Florida on November 29, 1982, see 28 C.F.R. § 2.12(a), Masselli's case was designated for original jurisdiction pursuant to 28 C.F.R. § 2.17. (Ex. A. to Aff. of Jack Schneider). Relying on the Adult Guidelines for Decision Making, 28 C.F.R. § 2.20, the Regional Commissioner and National Commissioners (the "Commissioners") denied Masselli parole and ordered him continued to expiration (Schneider Aff., Ex. B). This order, in effect, required Masselli to remain incarcerated either until his statutory two-thirds release date of September 28, 1986 or until the expiration of his full sentence less

---

1. Masselli pleaded guilty before Judge Pierce of this Court on September 17, 1981 to one count of conspiracy to participate in hijacking in interstate commerce, 18 U.S.C. § 331, and one count of receipt of a stolen vehicle in interstate commerce, 18 U.S.C. § 2313. He was sentenced on November 23, 1981, to serve a three and one-half year term of imprisonment on each count, to run consecutively. On October 16, 1981, Masselli pleaded guilty before Judge Lasker of this Court to one count of use of a telephone to facilitate a cocaine conspiracy, 21 U.S.C. § 843(b). Masselli was sentenced on November 24, 1981 to a four-year prison term on this conviction, to run concurrently with the seven-year term imposed the previous day.

"good time," *see* 18 U.S.C. § 4163. Masselli appealed, and on June 13, 1983, the full Commission affirmed the Commissioners' decision (Schneider Aff., Ex. C). Masselli's petition challenges this initial determination of his presumptive release date on several grounds.

Masselli was afforded his statutory interim hearing, *see* 18 U.S.C. § 4208(h); 28 C.F.R. § 2.14(a), on July 1, 1985. The examiners panel recommended no change in the previous decision to continue Masselli to expiration (Schneider Aff., Ex. D). The case retained its original jurisdiction designation, *see* 28 C.F.R. § 2.14(c), and the National Commissioners issued a decision on September 4, 1985 agreeing that the initial continue to expiration decision should not be changed. (Schneider Aff., Ex. E). For reasons set forth in greater detail below, Masselli was not notified of this decision until December 4, 1985. Masselli appealed on January 1, 1986. That appeal is still pending; it should be decided by the end of April of this year.[2]

Masselli's habeas corpus petition was executed September 4, 1985, and docketed October 7, 1985, after his interim hearing but before he was notified of its results. Respondents argue that the petition must be dismissed for failure to exhaust because his administrative appeal is still pending. I agree.

It is now well established that a federal prisoner must exhaust available administrative remedies before seeking habeas corpus relief in the district courts. *See, e.g., Guida v. Nelson,* 603 F.2d 261, 262 (2d Cir.1979) (per curiam); *Miller v. Quinlan,* 564 F.Supp. 802, 804 (S.D.N.Y.1983); *Pay-*

*ton v. Thomas,* 486 F.Supp. 64, 70 (S.D.N. Y.1980). Several reasons have been identified for this requirement:

(1) judicial review may be facilitated by allowing the appropriate agency to develop a factual record and apply its expertise, (2) judicial time may be conserved because the agency might grant the relief sought, and (3) administrative autonomy requires that an agency be given an opportunity to correct its own errors.

*Arias v. United States Parole Commission,* 648 F.2d 196, 199 (3d Cir.1981) (quoting *United States ex rel. Marrero v. Warden,* 483 F.2d 656, 659 (3d Cir.1973), *rev'd on other grounds,* 417 U.S. 653, 94 S.Ct. 2532, 41 L.Ed.2d 383 (1974)).

Neither respondents nor Masselli has cited a case dealing with the particular problem presented here: whether a prisoner who brings a habeas corpus petition challenging the Commission's *initial* determination of his presumptive release date after his *interim* hearing is held must await the outcome of the interim review process. However, the second of *Arias'* rationales for requiring administrative exhaustion is clearly implicated here.[3] Although the Commission does not undertake a *de novo* review of its initial parole eligibility determination during an interim review, it may advance the prisoner's release date based on developments subsequent to the initial hearing. *See* 28 C.F.R. § 2.14(a). Therefore, it may grant Masselli the full relief sought in this petition. *Cf. Pinnon v. Ciccone,* 611 F.2d 252, 253 (8th Cir.1979) (advancement of presumptive release date

---

2. Appeals to the full Commission in original jurisdiction cases are "reviewed at the next regularly scheduled meeting of the Commission provided they are received thirty days in advance of such meeting. Appeals received in the office of the Commission's National Appeals Board in Washington, D.C. less than thirty days in advance of a regularly scheduled meeting will be reviewed at the next regularly scheduled meeting thereafter." 28 C.F.R. § 2.27(a). The Commission is required to meet quarterly. 18 U.S.C. § 4203(a). Therefore, since Masselli's appeal was filed January 1, 1986, the latest his case can be reviewed is the end of April 1986. *See gener-*

*ally Rastelli v. Warden,* 782 F.2d 17 (2d Cir. 1986).

3. Under applicable Justice Department regulations, an interim hearing is not a *de novo* determination of the prisoner's presumptive release date but a review of developments subsequent to the Commission's initial determination. 28 C.F.R. § 2.14(a). Since the interim review is neither used further to develop the bases for the Commission's initial determination nor to review *de novo* the propriety of that decision, *Arias'* first and third rationales for requiring exhaustion of the administrative review process are not implicated in this context.

after interim hearing moots challenge to presumptive release date set after initial hearing). The important goal of conserving judicial resources counsels that the Commission should first pass on the issue.

■■■ A different result might well obtain if a prisoner filed a habeas corpus challenge to an initial parole eligibility determination before his statutory interim hearing and the interim hearing was held while the prisoner awaited adjudication of the petition. It would seem inequitable to require the prisoner to abandon the statutory right to an interim hearing simply because the courts had not yet ruled on the merits of the petition. But where, as here, the prisoner has waited until after the interim hearing to petition for habeas corpus relief, no unfairness results from requiring that the administrative review process be concluded. More than two years passed between the rejection of Masselli's appeal from his initial parole eligibility determination on June 13, 1983 and his interim hearing on July 1, 1985. Masselli chose to let those two years pass without seeking habeas corpus relief. It works no unfairness to him to now require him to await the final results of that interim review.

Masselli urges that I rule on the merits of his petition notwithstanding any failure to exhaust administrative remedies. In support of this proposition, Masselli cites *Timpani v. Sizer*, 732 F.2d 1043, 1047 n. 7 (2d Cir.1984). Masselli asserts that in *Timpani*, the Court of Appeals "let stand" a ruling by the District Court of Connecticut that a prisoner need not exhaust the Commission's administrative remedies if the presumptive parole date contended for by the prisoner has already passed. Masselli asserts that he is in the same position as *Timpani* and that I should therefore rule on the merits of his petition.

Masselli mischaracterizes *Timpani*. The Court of Appeals in *Timpani* "express[ed] no view" on the district court's ruling that Timpani did not have to await the outcome of his administrative appeal: Timpani's administrative appeal had been decided be-

fore the district court ruled on the merits of his petition, thereby mooting the exhaustion question. *Id.*

■■■ I must respectfully differ with the district court's dictim [4] in *Timpani* that a federal prisoner need not exhaust administrative remedies once the contended-for presumptive release date has passed. Federal prisoners who challenge revocations of parole must exhaust administrative remedies before seeking habeas corpus relief, even though they claim they are entitled to immediate release. *See, e.g., Guida v. Nelson*, 603 F.2d 261, 262 (2d Cir.1979) (per curiam); *Miller v. Quinlan*, 564 F.Supp. 802, 804 (S.D.N.Y.1983); *Carmel v. Thomas*, 510 F.Supp. 784, 785 (S.D.N.Y.1981). *Cf. Lundy v. Osborn*, 555 F.2d 534 (5th Cir.1977) (federal prisoner claiming he should be released from segregation must exhaust administrative remedies). Prisoners who claim that they are entitled to immediate release because their appropriate presumptive release date has passed are in the same position; I see no greater need to allow them to bypass the administrative process.

In support of his request that I reach the merits, Masselli also cites two cases which ruled on the merits of a petition despite a failure to exhaust. Both of these cases rejected the petition on the merits. In *Lee v. United States Parole Commission*, 614 F.Supp. 634, 638 (S.D.N.Y.1985), Judge Leval of this Court rejected a habeas corpus petition on the merits despite his finding that the action "could be dismissed" for failure to exhaust administrative remedies. In *Lee*, however, the respondents had failed to assert the exhaustion point at all. *Id.*

■■■ In *Carmel v. Thomas*, 510 F.Supp. 784 (S.D.N.Y.1981), I held that a habeas corpus petition should be dismissed for failure to exhaust, but also ruled in the alternative that the petition should be dismissed on the merits. However, since a final decision on Masselli's administrative appeal

---

4. The district court's opinion in *Timpani* is not reported. I base this discussion on the Court of Appeals' report of the district court's ruling on the exhaustion issue, 732 F.2d at 1047 n. 7.

will be forthcoming shortly, I decline to do so here.

■ Masselli argues that he should not be required to await the outcome of his administrative appeal because the Commission's interim review process has been inexcusably prolonged. After Masselli's initial parole eligibility hearing in Tallahassee, Masselli was scheduled for his statutory interim hearing in November 1984, pursuant to 18 U.S.C. § 4208(h)(2). That section requires that in any case involving a sentence of seven years or longer in which parole is denied subsequent parole review proceedings must be held at least every twenty-four months. Masselli's interim hearing, however, was not held until July 1, 1985, seven months late.

The Government explains that by November 1984, Masselli had been transferred to New York State custody at the Bronx House of Detention to answer pending state charges. On June 13, 1985, the Commission received a request from Masselli's attorney that the interim hearing be held at the Metropolitan Correctional Center in New York. That request was granted, and the hearing was held on July 1. (Schneider Aff. ¶ 8). Masselli states that in October 1984, before he left the Tallahassee facility, he asked that arrangements be made to hold his November 1984 interim hearing in New York, and that he made numerous other requests after his transfer to New York custody during the winter and spring of 1985 to have his hearing held in New York before his lawyer's June 1985 request was granted. (Petitioner's Answer to Return at 1–6).

This was not the only delay in Masselli's interim review process. After the interim hearing on July 1, 1985, Masselli's case retained its original jurisdiction status, and the National Commissioners issued their Notice of Action denying parole on September 4, 1985. But Masselli was not notified of this decision until December 1985. Apparently the Notice of Action was initially sent to Tallahassee, Florida rather than the

Bronx House of Detention. Masselli's attorney notified the Commission in late October 1985 that Masselli had not yet been notified of the Commission's decision. On December 4, 1985, Jack Schneider, a case analyst at the Commission, sent a copy of the Notice of Action to Masselli in New York, and extended his time to appeal until thirty days after the date of the letter. (Schneider Aff. ¶ 11).

■ Although the Commission's handling of Masselli's interim review was less than exemplary, I do not find that Masselli should be excused from awaiting the results of his appeal. "The proper time to object to an unreasonable delay in granting a hearing is during that unreasonable delay." *United States ex rel. Buono v. Kenton*, 287 F.2d 534, 536 (2d Cir.), *cert. denied*, 368 U.S. 846, 82 S.Ct. 75, 7 L.Ed.2d 44 (1961). Once the delay has ended and the hearing is imminent or has terminated, the proper remedy for such administrative delay—even delay which violates statutorily-imposed timetables—is to permit the prisoner to demonstrate at the hearing or in subsequent proceedings what prejudice resulted from the lag. *See Guida, supra,* 603 F.2d at 262–63 (failure by Commission timely to afford parole revocation hearing did not excuse prisoner from exhausting administrative remedies).

It is true that at least one case, *Farley v. Nelson*, 469 F.Supp. 796, 801 (D.Conn.), *aff'd mem.*, 607 F.2d 995 (2d Cir.1979), has held that failure to exhaust administrative remedies may be excused in "exceptional circumstances" where administrative delay would make postponement of judicial consideration of the petition unjust. But I find no "exceptional circumstances" here. Masselli did not execute [5] the instant petition until September 4, 1985—two months after his interim hearing was held. Thus, the Commission's seven-month delay in affording him that hearing cannot be said to have caused a delay in this Court's consideration of Masselli's claims. Indeed, Mas-

---

**5.** I write "execute" rather than "file" because, due to the internal procedures of this courthouse and through no fault of Masselli's, the petition was not actually docketed until October 7, 1985.

selli's complaints about his presumptive release date could have been presented in this forum any time after June 1983, when his appeal from the initial parole eligibility determination was rejected.

The only administrative fumbling that could, if I enforce the exhaustion requirement, be said to have delayed presentation of Masselli's claims to this Court was the three-month delay in effectively notifying Masselli of the National Commissioners' September 1985 decision. However, *Guida* involved a similar period of delay—because of administrative foul-ups, Guida was held in custody for more than four months on a parole violation detainer before he received his revocation hearing. The Court of Appeals held that Guida should have exhausted his administrative remedies before petitioning for a writ of habeas corpus. *Id.* at 262. Particularly in light of the imminence of a decision on Masselli's administrative appeal and Masselli's own decision to wait more than two years, until after his interim hearing was held, before filing the instant petition, I cannot consider these circumstances "exceptional." *Compare Farley, supra,* 469 F.Supp. at 800–01 (excusing failure to exhaust where no part of delay in prisoner's presentation of claim to district court was attributable to prisoner's own choices).

Finally, Masselli contends that even if the Commission's decision to continue him to expiration is valid, he is entitled to immediate release. Masselli points out that he has now accumulated 200 days—about seven months of "extra good time" credits. Subtracting this period from his mandatory two-thirds release date of September 28, 1985, he calculates that he should have been released on February 28, 1986.

■ Masselli has miscalculated his mandatory release date. Unlike time credited for "superior program achievement," which is deducted from a prisoner's presumptive release date, 28 C.F.R. § 2.60(a);

*see Timpani, supra,* 732 F.2d at 1067, statutory good time and extra good time are deducted from the prisoner's full term date. 18 U.S.C. § 4163. *See United States v. Addonizio,* 442 U.S. 178, 188 n. 13, 99 S.Ct. 2235, 2242 n. 13, 60 L.Ed.2d 805 (1979); 28 C.F.R. § 2.60(f).

■ Masselli has 672 days of statutory good time credit. Reducing his full term date of January 29, 1989 by his 672 days of good time and his 200 days of extra good time accumulated to date, Masselli should be released on or about August 12, 1986. I therefore reject his contention that his release is already overdue.[6]

Masselli relies upon the facts in *Rastelli v. Warden,* 622 F.Supp. 1387, 1389 (S.D.N.Y.1985), to support his contention that extra good time is deducted from the two-thirds mandatory release date. Rastelli was serving a ten-year sentence. He was released after serving about seventy months of his term. Since two-thirds of a ten-year sentence is eighty months, Masselli infers that Rastelli had accumulated ten months of extra good time which was deducted from his two-thirds release date.

The opinion in *Rastelli* states that Rastelli was mandatorily released "having served his sentence less the statutory good time allowance." *Id.* (footnote omitted) Rastelli was serving a ten-year sentence— 120 months—so he was entitled to statutory good time of about forty months. *See* 18 U.S.C. § 4161 (good time allowance is ten days per month for sentence of ten years). Subtracting his forty months of statutory good time from his full 120–month sentence, Rastelli was entitled to release after eighty months—the same period he would have to serve before his two-thirds release date pursuant to 18 U.S.C. § 4206(d). The *Rastelli* opinion does not make explicit why Rastelli served only seventy months; but it is clear that Masselli's inference that the ten months

---

**6.** Masselli also contends that I should find his administrative remedies exhausted because his administrative appeal might not be decided until after his projected release date. *See, e.g., Briggs v. United States Parole Commission,* 611 F.Supp. 306, 308 (N.D.Ill.1984), *aff'd mem.* 753 F.2d 1077 (7th Cir.1985). Since Masselli's projected release date is in August and his administrative appeal will be decided by the end of April, I reject this contention as well.

extra time credit must have been deducted from Rastelli's two-thirds release date is flawed. The same release date is arrived at by reducing his full sentence less good time by ten months; and the *Rastelli* opinion states that Rastelli was released because he had reached his maximum sentence less good time.[7]

For the foregoing reasons, I conclude that Masselli had failed to exhaust his administrative remedies and that his petition must be dismissed. Because there have been delays in the administrative review of Masselli's claims, however, I will permit Masselli simply to reopen the instant case if the relief he seeks is denied by the Commission, rather than requiring him to file his petition anew. He may do so by written motion on seven (7) days' notice upon respondents.

Masselli has applied for bail pending review of his petition. *Cf., e.g., Galante v. Warden,* 573 F.2d 707, 708 (2d Cir.1977). However, since I have concluded that his petition must be dismissed for failure to exhaust his administrative remedies, that application is moot. *See Miller v. Quinlan,* 564 F.Supp. 802, 804 (S.D.N.Y. 1983).

It is SO ORDERED.

---

7. There is an ambiguity created by the record concerning whether extra good time is applied to a prisoner's two-thirds date or full term date. The examiner panel ended its review summary after Masselli's July 1, 1985 interim hearing with the statement: "Masselli calculates that he had earned about 4 months of extra good time credit which would reduce his mandatory release date sometime [sic] in May of next year." (Schneider Aff., Ex. D). This date appears to have been arrived at by deducting the four months extra good time from Masselli's two-thirds release date of September 28, 1986; if the four months were simply added to his statutory good time of 672 days and subtracted from his January 29, 1989 full term date, the panel would have arrived at a November 1986 release date. Masselli reasons that subtracting his additional three months of extra good time he has earned from the May 1985 release date, he should have been released in February.

The examiner panel simply appears to have erred. The plain language of 18 U.S.C. § 4163 provides for discharge "at the expiration of [a prisoner's] term of sentence less the time deducted for good conduct." The very document which Masselli submits to demonstrate that he has accumulated 200 days of extra good time—apparently a computer printout—gives his projected release date as August 12, 1986. (Petitioner's Ex. J) I cannot conclude, therefore, that Masselli's release is already overdue.