Quincy W. DAVIS, Petitioner,

v.

UNITED STATES PAROLE COMMIS-
SION and Jesse James, Warden, Otis-
ville Correctional Facility, Respon-
dents.

No. 86 Civ. 4933 (DNE).

United States District Court,
S.D. New York.

June 30, 1987.

Quincy W. Davis, pro se.

Rudolph W. Giuliani, U.S. Atty., S.D.N.Y.
(Marla Alhadeff, Asst. U.S. Atty., New
York City, of counsel), for respondents.

## MEMORANDUM AND ORDER

EDELSTEIN, District Judge:

Petitioner, Quincy W. Davis, pro se,
brings on the instant petition for a writ of
habeas corpus. The application charges
that the United States Parole Commission
abused its discretion in setting a reparole
date for Davis. The petition for a writ of
habeas corpus is denied.

On September 30, 1975, petitioner plead-
ed guilty to one count of armed bank rob-
bery before the United States District
Court for the Eastern District of Virginia.
Although the petitioner was sentenced to
eighteen years imprisonment, he was re-
leased on parole on October 4, 1982. The
term of parole supervision was to last until
June 23, 1993. Petitioner subsequently
had his parole revoked for criminal viola-
tions. He was, however, reparoled on July
10, 1984, with parole supervision to last
until May 20, 1994. This reparole was also
ultimately revoked for failure to report,
and the petitioner was taken into federal
custody on May 22, 1985.

In November 1985, the United States Parole Commission ("Commission") conducted petitioner's parole revocation hearing. Pursuant to that hearing, the Commission determined that petitioner would be required to serve forty-four months before being reparoled. Petitioner appealed this determination to the National Appeals Board ("Board"). On May 9, 1986, the Board affirmed the determination below.

After failing on his appeal to the Board, petitioner filed the instant application for a writ of habeas corpus. On July 1, 1986, this court referred the petition to United States Magistrate Sharon E. Grubin. In the petition, Davis presents seven challenges to actions taken by the Commission: 1) that there was a violation of his constitutional rights in that the Commission did not give him a timely parole hearing; 2) the Commission and Warden James violated his constitutional rights by not giving him reasonable notice of the parole revocation hearing held in November 1985; 3) the Commission and Warden James violated his constitutional rights by not allowing him to review the record to be used against him at the parole revocation hearing; 4) the Commission violated his constitutional rights by applying incorrect youth reparole guidelines; 5) the Commission violated his constitutional rights by placing him in the wrong severity category; 6) the Commission has violated his constitutional rights by using erroneous information against him; and 7) the Commission violated his constitutional rights by abusing its discretion in using a failure to appear charge against him as a reason for postponing his release.

The respondents, determining that the petitioner's claims had some merit, scheduled a new hearing. On the basis of the scheduling of a new hearing, in a Report and Recommendation filed September 30, 1986, Magistrate Grubin recommended that the petition be dismissed as moot. On October 3, 1986, petitioner filed an objection to the Report and Recommendation.

Despite the Magistrate's expectations to the contrary, the petitioner's new hearing, conducted on November 13, 1986, did not address all seven bases to the petitioner for a writ of habeas corpus.[1] This Court granted the Government leave to submit a supplemental memorandum addressing those issues not resolved by the rehearing. Such memorandum was filed on May 19, 1987.

The petitioner has conceeded that there remain only two bases to his petition which were not remedied by the rehearing. *See* Petitioner's submission dated April 13, 1987. Specifically, petitioner claims that he was placed in the wrong severity category, and that the Commission should not have used a failure to appear charge against him as a basis for postponing his release.

In reviewing these two grounds for relief, this court must begin its analysis with the proposition that the Commission's determinations must be upheld unless there has been an abuse of discretion. *Iuteri v. Nardoza,* 732 F.2d 32, 37 (2d Cir.1984). In deciding whether there has been such an abuse of discretion, the court's inquiry is limited *to discerning whether there is rational basis for the Commission's determinations. See id.; Bialkin v. Baer,* 719 F.2 590, 593 (2d Cir.1983).

I) Severity Rating

The petitioner has protested that he was incorrectly placed in severity category three. In cases involving fraud, category three is appropriate when the property in question is valued between two and twenty thousand dollars. The Commission based its decision on its finding that the petitioner had engaged in credit card fraud involving at least two thousand dollars. The government has submitted to this court, for in camera examination, evidence supporting its determination.

Pursuant to a plea agreements, the petitioner pleaded guilty to charges of credit card fraud involving fewer than two thou-

---

**1.** Upon reconsideration, the Commission ruled that petitioner would be continued for presump-

tive reparole after serving 38 months.

sand dollars.[2] Accordingly, the petitioner argues that any severity rating above category two is necessarily inappropriate.

█ This court does not accept petitioner's argument. Although the petitioner pleaded to offenses involving fewer than two thousand dollars, the Commission was free to consider evidence of offenses not established by conviction. *United States ex rel. Carrasquillo v. Thomas*, 677 F.2d 225 (2d Cir.1982) (per curiam). After reviewing the evidence, this court finds that the determination of the Commission did not lack a rational basis. Thus, no writ of habeas corpus shall issue on this ground. *See Bialkin*, 719 F.2d at 593.

II) Failure to Appear

Under Parole Commission regulations, a prisoner who fails to appear[3] in a felony proceeding is required to serve an additional six to twelve months. *See* 28 CFR section 2.20, chap. 13, subchap. B, 6; chap. 6, subchap. B, 617(a). The Commission found that the petitioner intentionally failed to appear in regard to charges stemming from an arrest in New Jersey for possession of marijuana and stolen credit cards. Based on this determination, the Commission added six to twelve months to the term of imprisonment otherwise specified by the Commission's guidelines.

█ On a number of grounds, petitioner asserts that the failure to appear should not be counted against him. First, petitioner claims he did not appear because he did not know of the charge against him. After reviewing the evidence,[4] the Commission rejected this claim. On review, this court concludes that the evidence could rationally support a finding that the petitioner intentionally failed to appear in response to the charges against him. Accordingly, no writ of habeas corpus shall issue on this ground. *See Bialkin*, 719 F.2d at 593.

The petitioner also claims that the failure to appear should not be counted against him because that charge constitutes a violation of the Interstate Agreement on Detainers ("Agreement"). The Agreement, 18 U.S.C. Appendix, is a congressionally sanctioned compact among 48 states, including New Jersey, the District of Columbia, Puerto Rico, the Virgin Islands and the United States of America. The purpose of the Agreement is to encourage the rapid disposition of outstanding charges and the determination of the status of detainers[5] based on untried indictments, informations, or complaints. *Carchman v. Nash*, 105 S.Ct. 3401, 3403 (1985). The Agreement

**2.** On January 13, 1986, before the Union County New Jersey Superior Court, the petitioner pleaded guilty to two counts of uttering a false credit card. On December 3, 1984, before the Middlesex County New Jersey Superior Court, the petitioner pleaded guilty to unlawful use of a credit card.

**3.** " 'Failure to appear' refers to the violation of court imposed conditions of release pending trial, appeal or imposition or execution of sentence by failure to appear before the court or to surrender for service of sentence." 28 CFR section 2.20, chap. 13, subchap. B, 6.

**4.** The Commission based its determination that petitioner intentionally failed to appear on 1) his giving a false name to the arresting officers; 2) his failure to inform the New Jersey Court, his United States probation officer, or his state probation officer of his whereabouts; and 3) his giving a false name in a subsequent arrest. Petitioner now claims that he did not give false names but rather law enforcement officials misspelled his name. As the petitioner never raised this claim before the Commission, this claim

should not now be raised before this court. *See Guida v. Nelson*, 603 F.2d 261, 262 (2d Cir.1979) (per curiam). Nevertheless, there exists considerable evidence to support a rational finding that the petitioner gave a false name to law enforcement officials. For example, FBI fingerprint records show arrests for the petitioner under the names: Quincy Wise Davis, Quincy W. Davis, Khabir Khidhr Abuul, Khadhr Adl Abdul Khabir, Adl Kaheir, Adl Kahbir, Gary Maulkin and James Brown. Although this court could readily see how the names listed might be misspelled; the variety of names used by the defendant could rationally support the Commission's determination that he gave a false name to law enforcement officials.

**5.** A detainer is a request filed by a criminal justice agency asking the institution in which a prisoner is incarcerated to either hold the prisoner for the agency or inform the agency when release of the prisoner is imminent. *Carchman v. Nash*, 473 U.S. 716, 105 S.Ct. 3401, 3403, 87 L.Ed.2d 516 (1985). The pleadings in the instant case do not state whether a detainer was ever filed against the petitioner.

provides that a prisoner incarcerated in one state may demand the speedy disposition of a charge pending against him in another jurisdiction.[6] *Id.*

■ It is possible that the Agreement may be relevant to a claim that the petitioner had a right to have the failure to appear charge against him adjudicated. This, however, is not the relief petitioner seeks. *See* Petition for Writ of Habeas Corpus at 12. Rather, petitioner seeks to have the Commission precluded from considering his failure to appear in establishing a reparole date. The court declines to grant such relief. The Commission is free to consider evidence of offenses not established by conviction. *United States ex rel. Carrasquillo v. Thomas,* 677 F.2d 225 (2d Cir.1982) (per curiam). In reaching its determinations, the Commission acts in a role analogous to that of a sentencing judge. *Papadakis v. Warden Metropolitan Correctional Center,* 631 F.Supp. 252, 255 (S.D.N.Y.1986). Clearly, there is a strong interest in allowing the Commission free access to relevant information in setting parole dates. Thus, it would be an error for this court to limit the Commission's consideration of relevant conduct on the part of petitioner. *See Billiteri v. United States Board of Parole,* 541 F.2d 938, 944–45 (2d Cir.1976). Accordingly, this court declines to issue a writ of habeas corpus on the basis of the alleged violation of the Agreement.

On May 28, 1987, petitioner informed this court that on May 8, 1987, Judge Debevoise of the United States District Court for the District of New Jersey issued an order vacating the bench warrants issued against the petitioner because of his failure to appear. On the basis of this order, the petitioner requested that the Regional Commission reopen his case. On June 12, 1987, the Regional Commission declined to reopen the case. With leave of court, on June 19, 1987, the government filed a supplemental memorandum of law in support of the Regional Commission's decision not to reopen the case. On June 28, 1987, petitioner filed a response to the government's memorandum.

■ This court concludes that despite the vacating of the bench warrants, there still remains a rational basis for the Commission's determination that the petitioner intentionally failed to appear. The Regional Commissioner concluded that the Commission did not rely on the mere fact that bench warrants had been issued against the petitioner in finding that he had failed to appear. Rather, the remaining evidence was sufficient to support that finding. See *supra* note 4. Furthermore, the Regional Commissioner noted that the Commission was not a party to the action in the District of New Jersey and the order of Judge Debevoise appeared to be a practical method of settling a civil suit brought by the petitioner in that District. As this court finds that even with the vacating of the bench warrants there still exists a rational basis for the Commission's determinations, no writ of habeas corpus shall issue on this ground. *See Bialkin,* 719 F.2d at 593.

### Conclusion

The petition for a writ of habeas corpus is denied.

SO ORDERED.

---

**6.** Petitioner's claim of a violation of the Agreement is apparently based on an alleged lack of

prosecution on the failure to appear charge. *See* Petition for Writ of Habeas Corpus at 13.