**U.S. ex rel. Jean Yvonne CHUNG, Petitioner,**

v.

**Richard THORNBURGH, Attorney General of the United States, Gene McNary, Commissioner, United States Immigration and Naturalization Service, William Slattery, District Director, New York District, United States Immigration and Naturalization Service, and Alan Page, Immigration Judge, Executive Office of Immigration Review, Respondents.**

No. 90 Civ. 6486 (PKL).

United States District Court, S.D. New York.

Oct. 19, 1990.

Leon Rosen, Clifton, Budd & DeMaria, New York City, for petitioner.

Otto G. Obermaier, U.S. Atty., S.D.N.Y., New York City (Diogenes P. Kekatos, Timothy MacFall, James A. O'Brien III, of counsel), for respondents.

## ORDER & OPINION

LEISURE, District Judge.

Petitioner, Jean Yvonne Chung, ("Chung" or "petitioner"), an alien currently held in custody pending deportation proceedings, is before the Court seeking a writ of habeas corpus. Chung is being held without bail as an aggravated felon under the "no bail" provisions of 8 U.S.C. § 1252(a)(2). Petitioner asks that the Court issue a writ of habeas corpus requiring her immediate release, or, in the alternative, a bond hearing under 8 U.S.C. § 1252(a)(1), as well as declarations that she is not an "aggravated felon" within the meaning of the statute, and that section 1252(a)(1) is unconstitutional.

## BACKGROUND

Under the Immigration and Nationality Act (the "Act"), 8 U.S.C. §§ 1101 et seq., the Attorney General has the power to deport aliens who are convicted of crimes in the United States. *Id.* § 1251. As a necessary corollary to that power, the Act also provides the Attorney General with the authority to detain aliens while deportation proceedings are pending. 8 U.S.C. § 1252(a)(1) (formerly 8 U.S.C. § 1252(a)) gives the Attorney General discretionary power to retain the alien in custody while awaiting the deportation hearing, or to release the alien on bond or on conditional parole. In addition, subsection (a)(1) provides any court of competent jurisdiction with the authority to review or revise such custody determinations if the Attorney General is not "proceeding with such reasonable dispatch as may be warranted by the facts of the case."

Section 1252(a)(2) provides that "[t]he Attorney General shall take into custody any alien convicted of an aggravated felony [1] upon completion of the alien's sentence for such conviction.... [T]he Attorney General shall not release such felon from custody." It is this section, which removes the discretion of the Attorney General to grant bail in the case of an aggravated felon, that petitioner asserts is either inapplicable to her case or unconstitutional.

Petitioner, Jean Yvonne Chung ("Chung" or "petitioner"), is a forty-three year old female alien, native and citizen of Jamaica. Although admitted to the United States for lawful and permanent residence only as of August 1986, Chung has continuously resided in the United States since her first arrival in 1969. Chung is the wife of a lawful permanent resident and the mother of nine children, eight of whom are United States citizens.

On December 14, 1989, Chung was convicted in the Circuit Court of Petersburg, Virginia for possession of six grams of cocaine in violation of section 18.2–248 of the Virginia State Criminal Code. She was sentenced to a term of 10 years imprisonment, five years of which were suspended. On June 29, 1990, Chung was released by Virginia authorities and taken into custody by the INS pursuant to an administrative order to show cause, charging her with deportability under 8 U.S.C. §§ 1251(a)(4)(B) and 1251(a)(11), because she had been convicted of an aggravated

---

1. An "aggravated felony" is defined in 8 U.S.C. § 1101(a)(43), which states:

    The term "aggravated felony" means murder, any drug trafficking crime as defined in [18 U.S.C. § 924(c)(2)], or any illicit trafficking in any firearms or destructive devices as defined in [18 U.S.C. § 921], or any attempt or conspiracy to commit any such act, committed within the United States.

felony.[2] On July 10, 1990, petitioner was served with an INS form I–261, apprising her that she was to be detained without bond and deported. That same day, petitioner appeared before Immigration Judge Paul Nagelski in Arlington, Virginia, who granted her motion for a change of venue and transferred the case to the Immigration Court in New York.

On August 9, 1990, Immigration Judge Alan Page denied petitioner's application for a bond redetermination pursuant to section 1252(a)(1). Holding that Chung is an "aggravated felon" as defined in section 1101(a)(43), Judge Page ruled that section 1252(a)(2) mandated her incarceration without bail.

On August 16, 1990, petitioner appealed Judge Page's "no bail" ruling to the Board of Immigration Appeals ("Board" or "BIA"). On that same day, a tape recording of Chung's bond hearing was sent for transcription processing to the United States Department of Justice, Executive Office of Immigration Review in Falls Church, Virginia. Government's Memorandum of Law in Opposition to Petition for Writ of Habeas Corpus (hereinafter "Government Mem."), at 5. On August 29, 1990, the Office of Management and Administration received the cassette tapes. Supplemental Declaration of James A. O'Brien III (hereinafter "O'Brien Supp. Dec.") ¶ 3. On September 4, 1990, the cassettes were delivered to a private transcription company, and, according to the government, were not returned until October 2, 1990.[3] On October 3, 1990, copies of

the transcript were mailed by first class postage to the Executive Office of Immigration Review in New York City. O'Brien Supp. Dec. ¶ 5. On October 11, 1990, the Office of the Immigration Judge received copies of the transcript. On that day, the Office of the Immigration Judge mailed copies of the transcript and the parties' briefs to the BIA. The appeal is pending before the BIA.

On September 13, 1990, after a hearing on the charges of deportability, Chung was ordered deported from the United States by Immigration Judge Page. Government Mem. at 6. Petitioner appealed that decision to the BIA on September 14, 1990. *Id.* That appeal is also pending. Pursuant to INS policy, Ms. Chung is presently incarcerated at Wicomico Correctional Facility in Salisbury, Maryland, until the issuance of a final order of deportation.

Petitioner argues that she is not an "aggravated felon" within the meaning of section 1101(a)(43), and therefore not subject to the "no bail" provisions of section 1252(a)(2). Petitioner further argues that section 1252(a)(2) is facially defective because it violates the substantive and procedural due process clauses of the Fifth Amendment, as well as the Eighth Amendment prohibition against unreasonable bail.[4]

Respondents dispute petitioner's arguments and also contends that the petition is not properly before the Court at this time because petitioner has not fully exhausted

---

**2.** Section 1251(a) provides that:

Any alien in the United States ... shall, upon the order of the Attorney General, be deported who—

....

(4) [B] is convicted of an aggravated felony at any time after entry;

....

(11) ... at any time has been convicted of a violation of, or a conspiracy to violate, any law or regulation of a State, the United States, or a foreign country relating to a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. § 802)).

8 U.S.C. § 1251(a).

**3.** The return date of the transcript is disputed by petitioner who claims that the transcript was actually completed on September 15, 1990 and the government intentionally delayed petition-

er's receipt until October 11, 1990, 26 days after the transcript was completed.

**4.** Three cases have already held that the statute violates the Fifth Amendment. *See Leader v. Blackman,* 744 F.Supp. 500 (S.D.N.Y.1990) (Goettel, J.); *Chao Yang v. U.S. Immigration Service,* 3–90–CV–300 (D.Minn. June 27, 1990); *Agunobi v. Richard Thornburgh,* 745 F.Supp. 533 (N.D.Ill.1990). In addition, the Court in *Agunobi* found that the statute violates the Eighth Amendment. In contrast, three cases have upheld the statute as constitutional. *See Un Mi Shea v. I.N.S.,* Civ. No. 90–00651–ACK (D.Haw. Sept. 18, 1990); *Morrobel v. Thornburgh,* 744 F.Supp. 725 (E.D.Va. Aug. 29, 1990); *Eden v. Thornburgh,* No. 90–1473–CIV (S.D.Fla. July 23, 1990). However, in none of these cases did the litigant appear in a procedural posture identical to that of the petitioner in the instant case.

her administrative remedies. Plaintiff argues that she need not exhaust her administrative appeals because the government has not proceeded with reasonable dispatch, and because such appeal would be futile.

## DISCUSSION

### I. *Standard for Review*

■ As a threshold matter, it is necessary to consider which statute provides the standard for review of custody determinations made pursuant to 8 U.S.C. § 1252(a). Petitioner invokes the jurisdiction of the Court under 28 U.S.C. § 2241, which is the general provision for habeas relief for federal prisoners, and 8 U.S.C. § 1105a(a)(9), which permits aliens held in custody pending deportation proceedings to seek judicial review through habeas corpus proceedings. Neither statute explicitly requires exhaustion of administrative remedies.

As a general matter, however, "[i]t is now well established that a federal prisoner must exhaust available administrative remedies before seeking habeas corpus relief in the district courts." *Masselli v. United States Parole Commission*, 631 F.Supp. 1442, 1445 (S.D.N.Y.1986) (citing *Guida v. Nelson*, 603 F.2d 261, 262 (2d Cir.1979) (per curiam)).

Several reasons underlie this rule, as *Masselli* found:

> (1) judicial review may be facilitated by allowing the appropriate agency to develop a factual record and apply its expertise, (2) judicial time may be conserved because the agency might grant the relief sought, and (3) administrative autonomy requires that an agency be given an opportunity to correct its own errors.

*Id.* at 1445 (quoting *Arias v. United States Parole Commission*, 648 F.2d 196, 199 (3d Cir.1981)).

Moreover, courts that have considered the issue have concluded that the language of section 1252(a) controls judicial review of custody determinations concerning aliens held under that section, and that, to the extent that 28 U.S.C. § 2241 and 8

U.S.C. § 1105a might provide less stringent requirements, review under those standards is inappropriate.

The District Court for the Northern District of California held that "[t]o allow review under section 2241 without regard to the applicability of section 1252(a) would effectively eliminate the requirement that a party seeking review of a parole decision show that the INS is not moving with 'reasonable dispatch.'" *Gutierrez v. Ilchert*, 682 F.Supp. 467, 470 (N.D.Ca.1988).

Similarly, the District Court for the District of Connecticut, stated that "it is clear that Congress, by enactment of the process for deportation matters and specifically 8 U.S.C. § 1252(a), did not intend a dual procedure for persons subject to deportation." *Massoumi–Demaghi v. Weiss*, 631 F.Supp. 1525, 1526 (D.Conn.1986). This court agrees that review of the Attorney General's custody determination is controlled by the provisions of 8 U.S.C. § 1252(a)(1).

### II. *Requirement of Exhaustion of Administrative Remedies*

Courts construing the requirements of section 1252(a) have required exhaustion of administrative remedies. *See, e.g., Massoumi–Demaghi*, 631 F.Supp. at 1526. In addition, application of the "exhaustion" rule in this case is consistent with the policies underlying the doctrine. As respondents argue, judicial time may be conserved because the application and constitutionality of the statute might never come before the Court if petitioner is successful on appeal to the BIA. Moreover, respondents contend, allowing petitioner's appeal to proceed to the Board will give BIA an opportunity to reconsider its policies in light of the recent decision in *Leader v. Blackman*, 744 F.Supp. 500 (S.D.N.Y.1990), in which Judge Goettel found section 1252(a)(2) unconstitutional.[5]

■ Petitioner argues that she is not required to exhaust her administrative remedies before seeking judicial review because the government has intentionally delayed her appeal to the BIA. While petitioner is correct that unreasonable delay on the part of the government would entitle

---

5. The Court notes that the petitioner in *Leader,* unlike Chung, had exhausted the appeal process

before the BIA. *See Leader,* 744 F.Supp. at 503.

her to judicial review, section 1252(a)(1) requires a *"conclusive showing"* in habeas corpus proceedings that the Attorney General is not proceeding with ... reasonable dispatch ... to determine deportability." 8 U.S.C. § 1252(a)(1) (emphasis added).

In this case, petitioner's appeal has been pending during the process of transcription of the proceedings below and the progress of the transcript from one government office to another, a delay amounting to some 57 days. Although, as petitioner points out, the transcript was forwarded to the BIA within two days of the filing of this petition, petitioner has not made a conclusive showing that the delay was either intentional or unreasonable given institutional limitations. In addition, the Court notes that the government has proceeded expeditiously with the deportation hearing itself, as required under 8 U.S.C. § 1252a.

██ Petitioner also makes the unsupported contention that pursuit of administrative appeal would be "futile." The Court agrees with respondents that the BIA should be given the opportunity to consider whether Immigration Judge Page properly found Chung to be an "aggravated felon," as well as the constitutionality of section 1252(a)(2) and of its own policies in interpreting and implementing the statute. Accordingly, the Court need not reach these issues at this time.

Should the BIA affirm the decision of the Immigration Judge, however, or should the progress of petitioner's appeals before the BIA be such that petitioner can make a conclusive showing of unreasonable delay in the resolution of her case, the jurisdiction of this Court would be properly invoked.

### CONCLUSION

The petition of Jean Yvonne Chung is denied without prejudice to refiling upon exhaustion of her administrative remedies, or upon a conclusive showing of unreasonable delay by the Attorney General in proceeding with her case.

SO ORDERED.

